# WILLIAM SHIELDS, Plaintiff in Error,

## *vs.*

# ALBERT FULLER, Surviving Partner of SIMON SHIELDS, deceased, Defendant in Error.

### ERROR TO THE CIRCUIT COURT OF MILWAUKEE COUNTY.

Where a partnership is dissolved by the death of one of the partners, the survivors are entitled to the assets of the firm for the purpose of paying its debts, and they can as such survivors maintain actions at law for the purpose of collecting such debts due the firm, to the exclusion of the administrator of the deceased partner.

Although generally one partner cannot maintain an action at *law* against his co-partner in respect to the partnership property, it does not follow that the administrator of the deceased partner who has wrongfully obtained property which does not belong to him, can set up the same defence.

The surviving partners of a firm have the exclusive right to the possession of the partnership property, as against the administrator of the deceased partner, and may well maintain an action at law against him in respect to it.

Where an administrator of a deceased partner is sued by the surviving partner for moneys collected from debtors of the firm, and sets up as defence, that before the death of the deceased partner, the partnership was dissolved by agreement between the partners, and a division of the accounts due to the firm was made, such defence will not avail the defendant, unless he proves a division of the accounts so as to vest the title to them in each partner individually.

THIS was an action of assumpsit brought by Albert Fuller, the defendant in error, against the plaintiff in error, to recover the amount of certain accounts for thrashing done by Fuller, and Simon Shields in his lifetime as partners, and which William Shields had collected as administrator of Simon Shields, deceased.

The facts in the case are as follows, viz.:

The defendant below admitted that he collected from the persons named in the plaintiffs' bill of particulars the sums of money therein mentioned, and that such sums were due to the late firm of Fuller & Shields, as partners, and that the plaintiff below is the surviving partner.

The plaintiff below admitted that the defendant below collected and received the sums of money sued for, as the administrator of Simon Shields, deceased. The defendant below then offered, and was permitted to prove that previous to the death

of Simon Shields the partnership between Fuller & Shields was dissolved by mutual consent, and that there was a division of accounts due the firm between the partners, and that at the time of the dissolution it was agreed that each of the partners should take one-half of the debts due the firm.

The counsel for the defendant below then asked the court to instruct the jury, that it being admitted by the plaintiff below that the defendant was the administrator of Simon Shields, deceased, and that the money sued for was money due to Fuller, and Simon Shields, deceased, as partners, an action of assumpsit, being a suit at law, could not be maintained, and that the only remedy of the plaintiff below, was in equity. The judge refused so to instruct the jury, to which ruling the defendant below by his counsel, then and there excepted.

The judge then charged the jury, that upon the admissions made by the parties, he was of the opinion that the plaintiff must recover, and in reference to the proof of a dissolution, previous to the death of Simon Shields, admitting that there was proof of a dissolution, and that each agreed to take half of the thrashing accounts, still it was incumbent on the defendant to show that such a dissolution was made, and that those accounts became the *individual* property of Simon Shields. And that, unless they could find those facts from the evidence, the verdict must be for the plaintiff below. To which charge the defendant below then and there excepted.

The jury found for the plaintiff below $63.54. The defendant below then moved for a new trial on the ground of the misdirection of the judge, &c., which motion was denied.

*L. Wyman*, attorney for plaintiff in error.

*Peter Yates*, of counsel.

*J. L. Doran*, attorney for defendant in error.

*By the Court*, WHITON, C. J. We are of the opinion that the judgment in this case is correct.

By the agreement of the parties made at the trial, it appears that the plaintiff in error collected the money, which is the sub-

ject of this suit, as the administrator of Simon Shields, deceased, and that it was due to the late firm of Fuller & Shields, of which the defendant in error is survivor.

The doctrine, that when a partnership is dissolved by the death of one of the partners, the survivor is entitled to the assets of the firm, for the purpose of paying its debts, and that he can, as such survivor, maintain actions at law for the purpose of collecting debts due the firm, to the exclusion of the administrator of the deceased partner, is so well settled that no authority need be cited to sustain it.

But while the plaintiff in error does not attempt to deny this doctrine, he claims that as the money was collected by him in his fiduciary character, no action at *law* can be maintained against him by the surviving partner, and that his only remedy is by bill in equity. It is, of course, admitted, that in general, one partner cannot maintain an action at law against his copartner in respect to the partnership property ; but it does not follow, that because an administrator has wrongfully obtained possession of property which does not belong to him, he can set up the same defence to an action at law, that the deceased partner could, were he living, and the action had been brought against him. One copartner is as much entitled to the partnership property as another. This is a conclusive objection to the maintenance of actions at law by one partner against another. But the surviving partners of a firm have the exclusive right to the possession of the partnership property, as against the administrator of the deceased partner, and may well maintain an action against him in respect to it.

Again, the action is not against the administrator in his representative character, and the judgment is not against the assets belonging to the estate of the deceased partner, but against the administrator personally. He has received money which does not belong to him, and sets up his representative character as a defence to the action. He might as well have collected any other money to which he was not entitled, and claim the same protection.

The only doubt we have had in regard to the case, arises from another view of the matter. The money whi h was paid to the plaintiff in error by the debtors of the firm, was undoubtedly

.paid in their own wrong; the surviving partner could have compelled them to pay it to him, as he was the only person entitled to receive it. How, then, can he maintain this action? We think that there would have been great, if not insurmountable objections to a recovery, if the plaintiff in error had not, by his agreement, made at the trial, admitted in effect, that the money belonged to the firm, of which the defendant in error is the surviving partner. Perhaps the surviver would have had an election, either to collect the money of the debtors of the firm, or of the plaintiff in error; but upon this subject we give no opinion. However, the agreement entered into by the parties, relieves the case from all difficulty.

It appears by the bill of exceptions, that the plaintiff in error attempted to prove at the trial, that the partnership of Fuller & Shields was dissolved by mutual consent before the death of Shields, and that it was agreed between them, that each partner should collect half the debts owing to the firm.

Upon this subject the judge instructed the jury, that unless there was a division of the accounts due the firm, between the partners, so as to vest the title to them in each partner, individually, such an agreement would be no bar to the action.

This instruction was clearly right, unless a certain part of the debts due the firm became the individual property of the deceased partners, previous to his death, his administrator would not be entitled to them.

Judgment affirmed.