## DREW VS. FERSON.

PARTNERSHIP: *When one partner can maintain action against another.*

1. Action at law will not lie, by one partner against the other for services rendered or money disbursed in a particular partnership transaction, there being no evidence that the partnership affairs have been settled and a balance struck.
2. It is a general rule, that a partner is not entitled to compensation for his personal services in the business of the partnership.

APPEAL from the Circuit Court for *Winnebago* County.

Action (commenced before a justice of the peace) to recover for services of the plaintiff in defending a suit brought by one Smith against the defendant and the plaintiff, and for money expended by the plaintiff in carrying on the defense, and in paying the judgment recovered in the action; the complaint alleging that the services were performed and moneys expended and paid at the request of the defendant, and that he promised to pay the plaintiff therefor. Answer: a general denial; and that the alleged causes of action arose out of transactions between the plaintiff and defendant as partners. On the trial in the circuit court, plaintiff gave in evidence the judgment roll in the suit of

Smith *vs.* C. C. Drew and J. L. Ferson, by which it appeared that judgment was rendered in favor of the plaintiff in that action against the defendants in January, 1866, for $76.00, on a claim against them as partners, accruing in 1862 and 1863; that *Ferson* paid $38 on the judgment, and that *Drew* paid the balance. *Drew* testified on his own behalf, that *Ferson* requested him to defend the suit brought by Smith; that his time spent and money disbursed in the defense amounted to $187.16 (of which he claimed one-half from the defendant); that he and the defendant were partners in 1862 and 1863, in the lumbering business; that the suit of Smith against them was commenced in December, 1865; that there had been before that time an adjustment of their partnership matters in writing; and that " the suit of Smith was subsequent to that arbitration." He also introduced in evidence two instruments in writing. The first was an agreement signed by *Drew* and *Ferson*, dated July 25, 1863, by which, after reciting that the parties had been engaged in the lumbering business as partners, and had then on hand a lot of pine logs, and that certain differences had arisen between them in their business, it was agreed that *Drew* was to have all the logs marked " F. X. I." and was to pay all the expenses connected with them, and $50 besides, for *Ferson's* interest in them; that all the other logs, marked " D. F. I." were to be equally divided between the parties, each to pay one-half of the expenses of getting them out, running and rafting them; that *Ferson* was also to pay *Drew* $1 per *M* for the stumpage on his (*Ferson's*) half of said logs; that as soon as said logs were divided, the parties should settle all matters of account between them relative to the logs last mentioned, upon a certain specified basis; and that if the parties could not agree upon any matters connected with such settlement, they would deliver to John Hancock (whom they thereby appointed

" an arbitrator to settle their differences relative to the said logs last above mentioned,") all books and papers "relative to their deal and accounts in the getting out of said logs, and connected in any manner with the logs last above mentioned," and would abide by his award. The other paper was signed by John Hancock, dated September 23d, 1863, in which, after reciting said submission, he determines the gross amount of expenses incurred by each of the parties in their lumbering business, and awards that there was due from *Ferson* to *Drew*, upon the basis of their agreement made on the 25th day of July previous, $457.94; the award closing as follows: " If any of the partnership accounts embraced in said *Drew* and *Ferson's* accounts that have been submitted to said arbitrator as paid, shall be found to be unpaid, said accounts shall be paid in full by the party submitting them as paid; and all expenses not submitted, or rather that have been incurred at the boom upon the undivided portion of ' D. F. I.' logs, are to be borne equally by said parties; and all boom or other expenses accrued or accruing on the ' F. X. I.' logs are to be paid in full by said *Drew*." Upon the close of the plaintiff's testimony, a motion for a nonsuit was overruled. The defendant then testified that he never requested the plaintiff to defend the suit of Smith and never promised to pay him for defending it. The circuit judge instructed the jury, 1. " That the plaintiff is entitled to recover for his own time and services a reasonable compensation, if the jury find they were rendered at the special request of the defendant, and not othererwise." 2. " That if all business of the co-partnership of *Drew & Ferson* had been settled, except such as grew out of Smith's suit and its defense, and there was no other matter to be adjusted between them, an action at law might be maintained against *Ferson* for his share of the expenses of defending the suit, as well as for his share of the judg-

ment in that case." 3. "That if the jury find that the defendant requested plaintiff to defend the suit, they can infer an implied promise by the defendant to pay therefor." Verdict and judgment for plaintiff for $53; and defendant appealed.

*Gabe Bouck*, for appellant.

*C. Coolbaugh*, for respondent:

Before this action was commenced, the parties had submitted all their differences to arbitration; the arbitrator had made his award; and all their partnership affairs had been adjusted, except Smith's claim.   They disputed the claim, and *Ferson* requested *Drew* to defend it, which he did, spending time and money, to recover for which this action is brought.   One partner can sue another at law, where money has been paid and services rendered on request; or where there has been a dissolution and settlement of the partnership affairs, and the controversy relates to a single transaction, as in this case.   1 East, 20; 17 Wend., 60; 25 id., 450; 4 Coms., 486; Parsons on Part., 272, 273, and notes, 275, 284; Collyer on Part., §§ 269–87; 23 Barb., 184; 9 Wend., 424.   Courts do not send parties into chancery where the controversy is small and can be settled as well in a court of law.   5 Wend., 274.   If *Ferson* requested *Drew* to defend the suit, the law implies a promise to pay.   Archb. N. P., 27, 57.

Cole, J.   It appears that the suit of *Smith v. Drew* and Ferson was upon a claim against them as partners.   This is shown by the judgment roll in that suit, which was introduced by the plaintiff, and also by the plaintiff's own testimony.   The subject matter of that suit, then, is a part of the unsettled matters of the partnership.   It is claimed that the whole partnership business has been adjusted and closed, the Smith claim only excepted.   We do not see any evidence in the case that the partnership affairs have been settled.

The two exhibits offered in evidence do not show this. Whether the plaintiff can claim compensation for personal services rendered in the defense of the Smith suit, when the partnership affairs are settled, is a question we need not consider. It is quite obvious that it was as much his duty to look after that suit as it was that of the other partner. And it is a general rule, that a partner is not entitled to compensation for his personal services in the business of the partnership. It appears to us that the plaintiff has mistaken his remedy. He should have commenced his suit in equity for a final settlement of the partnership matters. The nonsuit should have been granted; for it was clear, upon the evidence introduced by the plaintiff, that an action at law could not be maintained.

*By the Court.*—The judgment of the circuit court is reversed, and a new trial awarded.