ELY vs. DAILY and another.

*Reversal of judgment.*

It is only upon apparent, satisfactory preponderance of evidence that this court will reverse the findings of fact of a circuit judge.

APPEAL from the Circuit Court for *Waukesha* County.

Action to foreclose a mortgage given to secure a note for $1,000, with interest at ten per cent., dated January 26, 1869. The first year's interest was retained by the plaintiff out of the amount loaned. There were three payments of interest, of $100 each, found indorsed upon the note at the time of the trial; the first indorsement being without date, the second dated February 11, 1871, and the third February 10, 1872. There was also an indorsement of $1,003.33, as paid February 7, 1873. The plaintiff claimed that on the day last named there was due him a further sum of $100, the amount of one year's interest. The defendants claimed that one year's interest had been paid which had never been indorsed upon the note, and that the payment of February 7, 1873, was in full. The evidence in the cause was taken by a referee. On the plaintiff's part, it tended to show that the first indorsement of interest was made at the time the note was given, and had reference to the $100 interest in advance retained out of the principal sum; that no other payments of interest had been made, except those indorsed in 1871 and 1872; and that, consequently, the interest for one year subsequent to January 26, 1872, had never been paid. The testimony for the defendants tended to show that a payment of one year's interest in advance was made in February, 1870; that the two payments of 1871 and 1872 were also of advance interest; that the payment of 1870 was the one referred to in the first indorsement; and that the $100 retained at the time the note was made, was never indorsed.

Ely vs. Daily and another.

The court found that the note and mortgage were fully paid before the commencement of the action, and rendered judgment for the defendants; from which the plaintiff appealed.

The cause was submitted for the appellant on the brief of *Geo. F. Westover*, who contended that the finding of the court was against the overwhelming weight of evidence.

*Edwin Hurlbut*, for the respondent.

RYAN, C. J. The only defense in this cause is payment. And upon that issue there is conflicting evidence, so nearly balanced that we are unable to hold that there is a preponderance one way or the other. Had the question been submitted to a jury, no court, for aught that appears in this record, would think of disturbing a verdict for either party.

This case is a witness to the wisdom of C. J. DIXON's comments in *Snyder v. Wright*, 13 Wis., 689, on the unfitness of submitting mere issues of fact to this court. To us, the depositions here are impersonal. We have no means of weighing the witnesses or comparing their intelligence and credibility. The evidence is a mere dead lock of contradiction.

When the testimony, in such a case, is taken before the judge of the court below, he has the advantage of seeing and hearing the witnesses. And even when, as in this case, the evidence is taken before a referee, the judge may well have opportunity, not shared by us, of appreciating the character and intelligence of the parties and their witnesses, to aid him in determining the weight of the evidence. And it is only upon apparent, satisfactory preponderance of evidence, that we feel authorized to reverse the findings of fact of a circuit judge. *Murphy v. Dunning*, 30 Wis., 296.

For this reason the judgment of the court below is affirmed.

*By the Court.* — Judgment affirmed.