THE MONITOR IRON WORKS COMPANY vs. KETCHUM and another.

PRACTICE: TRIAL BY REFEREE. *(1) What exceptions necessary to procure review of referee's findings. (2) When such findings not disturbed.*
CONTRACTS: EVIDENCE. *(3) Contract construed. (4) How far direct evidence admissible as to meaning of words in contract.*

1. Where exceptions are filed in the circuit court to a referee's findings of fact and conclusions of law, and no exception taken to the confirmation of the report, *quære*, whether, on appeal from the judgment, this court can review the evidence. *Riley v. Mitchell,* 37 Wis., 612, distinguished.
2. The findings of a referee will not be disturbed unless it appears that they are contrary to a fair preponderance of the evidence.
3. By a written contract between the parties, plaintiff, having iron works at Fort Howard in this state, agreed to make and deliver to defendants on the cars at the latter place, by a time specified, a stationary engine and boilers of a certain character, for defendants' mill (which was in another county and at a considerable distance from plaintiff's works): "the above to be set up and connected, with steam on, when delivered at the mill," by the plaintiff; "transportation to be furnished men to and from the mill, and board during the time employed in setting up said machinery." *Held,* that, construing the contract in the light of the circumstances and the relations of the parties to its subject matter *(Lyman v. Babcock,* 40 Wis., 503), it did not require plaintiff to build the *foundation* requisite for the boilers and machinery.
4. If the words "connected with steam on" have a technical meaning in the contract, perhaps the testimony of *experts* would be admissible to show such meaning; but beyond this, it was error to permit witnesses to give their *opinions* as to whose duty it was, under the contract, to furnish the foundation.

APPEAL from the Circuit Court for *Brown* County.

Action on a *quantum meruit* for the plaintiff's labor and services, and materials furnished by it, in constructing and repairing defendants' steam saw-mill, and machinery therein. The answer sets up a written agreement between the parties, the character of which will sufficiently appear from the opinion; and alleges that a large part of the labor and services mentioned in the complaint was employed in making the machinery described in said contract, and that defendants had performed all the conditions of the contract on their part, but that plaintiff did not set up and connect said engine and machinery, with steam on, at the time agreed, or within a reasonable time after its delivery, nor had the same ever been properly set up and connected, to defendants' damage, etc.; that, on trial, the engine and machinery proved unsuitable for their purposes by reason of their unskillful design and construction, defects in materials and workmanship, the improper manner in which they were set up, etc.; and that the plaintiff, on being duly notified, failed to make them perform in a proper manner, etc. The answer then sets up various counterclaims for defects in the machinery, for plaintiff's failure to set up and connect the same, with steam on, etc. There was a reply in denial of the counterclaims. The cause was sent to a referee for trial. He reported as facts, among other things, that the engine, boilers and other machinery called for by the contract were delivered on the cars at Fort Howard, in good order, at the time specified in the contract, and were in all respects such as it called for; that under said contract plaintiff was not required to furnish materials for and build the foundations for the engine and boilers, but it was defendants' duty, according to the usage and custom shown to exist in this state, to furnish such foundation; that any delay of plaintiff in commencing work on the setting up of said engine, etc., was caused solely by defendants' neglect to have the foundations of the engine and boilers promptly prepared; that on December 8, 1873,

said engine was properly set up and connected, with steam on, in defendants' mill, and was ready to perform as well as is customary for machinery of like character, of which fact defendants were then notified; and that the time occupied by plaintiff in thus setting up the engine, etc., exceeded by only three days a reasonable time. Other findings of the referee, and the character of the exceptions taken, will appear from the opinion. The referee's conclusions of law were in accordance with these findings.

On plaintiff's motion, the court confirmed the referee's report; and from a judgment pursuant thereto, defendants appealed.

For the appellants, a brief was filed by *Hudd & Wigman*, and the cause was argued orally by *Mr. Hudd.* They contended, 1. That if the findings were not sustained by the evidence, the judgment should be reversed *(Seymour v. Briggs*, 11 Wis., 204), and the cause sent back for the proper judgment. *Garbutt v. Bank*, 22 Wis., 384; *Fisher v. F. L. & T. Co.*, 21 id., 73. 2. That the contract required plaintiff to do all the work, including the building of the foundations, necessary for setting up the boilers and engine, and connecting them with steam on, i. e., connecting them with the machinery of the mill in complete running order. 3. That the contract is to be interpreted with reference to the situation of the parties; and the circumstances existing when it was made, and the whole design of the contract, may be established by evidence *dehors* the instrument itself. *Sigerson v. Cushing*, 14 Wis., 527; *Farmers' L. & T. Co. v. Commercial Bank*, 15 id., 424. If the language is vague and general, or there is a latent ambiguity, evidence is admissible of extrinsic circumstances tending to show definitely what was intended by the parties. *Hall v. Dover*, 36 N. H., 573; *Waterman v. Johnson*, 13 Pick., 264; *Ganson v. Madigan*, 15 Wis., 144, 153–5; *Schmitz v. Schmitz*, 19 id., 207; *Merriam v. Field*, 29 id., 599; *Lyman v. Babcock*, 40

id., 503. Counsel then reviewed .the evidence at length, to show that it did not sustain the findings.

For the respondent, a brief was filed by *Hastings & Greene*, and the cause was argued orally by *Mr. Greene*. They contended, 1. That the correctness of the referee's findings and conclusions could not be reviewed here, there being no exception to the order confirming the report, and it being the office of this court to review the decisions of *courts*, not of referees. 22 Wis., 128, 130; *Riley v. Mitchell*, 37 id., 612. 2. That rulings of the referee on the trial could not be reviewed here, not having been brought to the attention of the court below. See cases above cited, and 30 Wis., 157. 3. That this court would not disturb the findings of a referee except upon a clear preponderance of evidence against them. *Ely v. Daily*, 40 Wis., 52. They then reviewed ,the evidence at length, to show that it supported the findings.

COLE, J. It is objected on the part of the plaintiff, that the exceptions are insufficient to enable this court to review the evidence. Exceptions were duly filed to the referee's findings of fact and law, but no exception was taken to the order of the circuit court confirming the report. It is claimed that such an exception was necessary to enable this court to review the decision of the circuit court. The case of *Riley v. Mitchell*, 37 Wis., 612, which is relied on to sustain this position, presents a different question. There, it did not appear that any exceptions were filed in the circuit court to the findings of the referee, though an exception was taken to the ruling of the court refusing to set aside the report and grant a new trial. But this court said it was impossible to determine from the record what exceptions taken before the referee were acted upon by the circuit court. But here, exceptions were filed to the report, which it would seem the circuit court must necessarily have considered on the motion to confirm.

But, without positively settling this question of practice, we have examined the case on the merits, and think the judgment must be affirmed. The findings of the referee will not be disturbed unless it appears that they are contrary to the fair preponderance of evidence. *Ely v. Daily*, 40 Wis., 52.

The main questions in this case turn upon the construction of the contract. If the contract did not require the plaintiff to furnish materials and build the foundation for the engine and boilers, but did impose that duty upon the defendants, then it is obvious that their claim for damages on that ground must fail. So, too, must fail all claim for damages by reason of any defect in the foundation or for delay in building the same. What, then, is the true construction of the contract? By the contract, the plaintiff promised and agreed to make, and deliver to the defendants on the cars at Fort Howard, by a time specified, a stationary engine and three boilers, according to a certain description and of a certain quality, together with a second-hand siding mill, then in its shop. The machinery was for operating the defendants' mill in Jackson county. Then follows this clause in the contract: " The above to be set up and connected, with steam on (with exception of the siding mill), when delivered at the mill, by the party of the second part. Transportation to be furnished men to and from the mill, and board during the time employed in setting up, as aforesaid, said machinery."

Now, the contract being silent as to which party should provide the foundation, the question arises, Does this clause require the plaintiff to build it? Is such an intention fairly to be inferred from the language used by the parties? It seems to us not. The contract is to be read in the light of surrounding circumstances and the relations of the parties to the subject matter of the contract. *Lyman v. Babcock*, 40 Wis., 503. It appears that the plaintiff was engaged in manufacturing and selling machinery at a considerable distance from the place where the defendants' mill was situated. It was not

in its line of business to build foundations on which the machinery it sold should stand, any more than it was to provide mills to be operated by such machinery. It is true, it had agreed that the machinery sold the defendant should "be set up and connected, with steam on," whatever those words may mean. It is said that a foundation was essential for the engine and boilers to stand on, and, as the plaintiff had undertaken to set up the machinery, it was bound to furnish the foundation. But, by a parity of reasoning, it might be proven that the plaintiff was bound to furnish the ground upon which the foundation was to rest. Ground was as necessary to support the foundation, as the foundation to support the machinery; and there is as much reason for saying that the plaintiff undertook to furnish the one as the other. Besides, if it were the understanding of the parties that the plaintiff should build the foundation, it is strange it is not so specified in the contract. The parties stipulated in regard to other matters, as that the defendants should furnish transportation and board for the men during the time they should be employed in setting up the machinery, while the important matter of providing a foundation is not even mentioned. Is it probable that the matter of providing a foundation would have been overlooked, or not mentioned, if the plaintiff had assumed the duty of doing that work? We think not. What the plaintiff did agree to do, was to set up the machinery and connect it, with the steam on. This we think only required the plaintiff to set up the machinery on such foundation as the defendants might provide, and connect it together so as to furnish a complete power fit for use. The words "connected with steam on" may have a peculiar or technical meaning in the contract; possibly witnesses who were experts might be permitted to explain the sense in which they were understood or used in such agreements. But this is as far as it was competent for parol testimony to go. But in this case, witnesses were allowed to give their opinion as to whose duty it was to furnish

the foundation; in other words, to swear as to the proper construction of the contract. This was clearly wrong. The legal effect of the words, when their meaning is ascertained, was for the court to determine. There is considerable expert testimony relating to the meaning of the words "set up" the machinery, and "connect" it, "with the steam on;" and this testimony tends to prove that these terms do not include the building of a foundation, which is in accordance with our construction of the contract. It would be a forced and unnatural interpretation of the language, to hold that it imposed the duty on the plaintiff to build the foundation on which the engine and boilers were to stand; and we are unable to place any such construction on the contract. It follows from this view that all claim for damages resulting from delay in building, or defects in, the foundation, must be deemed out of the case.

The finding of the referee that the engine and boilers were of the quality, dimensions, design and workmanship called for by the contract, cannot be disturbed. There is some conflict in the evidence upon this question; but the weight of testimony is in favor of the finding, that there were no defects in the machinery when it was delivered and set up. The same observation must be made in respect to the findings of the referee that the items charged in the plaintiff's bill of particulars were furnished outside of the contract, and were admitted to be correct by the agents of the defendants, to whom the matter was referred for adjustment.

This disposes of all the material questions in the case which we deem it necessary to notice.

*By the Court.*—The judgment of the circuit court is affirmed.

RYAN, C. J., and LYON, J., took no part.

A motion for a rehearing was denied.