Walker vs. Newton.

WALKER vs. NEWTON.

*October 21 — November 3, 1881.*

REVERSAL OF JUDGMENT: *(1) On question of fact.*
CONTRACTS: PAYMENT: SUBROGATION: PLEADING. *(2, 3) When payment by employer to contractor's workmen pays employer's debt to contractor. Subrogation, ground of, and how pleaded.*

1. No material finding of fact by the referee, confirmed by the court below, in this case, appears to be against the weight of evidence, so as to justify a reversal on that ground.
2. If E. employ C. to construct a building for him, under an agreement that C. is to furnish the materials and to do the work, E. is not liable, by reason of such contract, to pay L., who does work or furnishes material for C., until the notice required by the statute is given by L. to E. (sec. 3315, R. S.); and a payment by E. to L., without C.'s consent, before such notice is given, is not a valid payment to C.

3. *It seems* that if E., without C.'s consent, and for the purpose of inducing L. to work for C. upon E.'s building, had become bound to pay the debt due L. from C., and has paid it, he is entitled to be subrogated to L.'s right against C. or to an assignment thereof; but, in an action against him by C. on the building contract, he can avail himself of such subrogation or assignment only by pleading a *counterclaim* for the amount.

APPEAL from the Circuit Court for *Dodge* County.

The case is thus stated by Mr. Justice TAYLOR:

" Action to recover an amount claimed to be due the plaintiff for work and labor done as a carpenter and joiner in the construction of a building for the defendant. The plaintiff's claim was, *first*, to recover the contract price upon a special written contract for doing certain work in the construction of the building; *second*, for extra work done at the request of defendant in such construction; and *third*, upon a contract for putting in the counters and shelving. The contract for counters and shelving did not fix any price, and the proof shows it was to be done by the day; payment to be made according to the number of days' work, at such price per day as the labor was reasonably worth. The case was referred to a referee for trial. The record returned contained about 300 folios of testimony, exclusive of the written contract, specifications and other exhibits. The contest upon the trial, so far as we have been able to ascertain from a perusal of the bill of exceptions, was mainly upon matters relating to the extra work, and the value thereof; upon the question whether the plaintiff had completed the work according to contract; and as to the value of the work under the contract for putting in the counters and shelving.

" The referee found in favor of the plaintiff as to the completion of the work according to the contract, and also found the value of the extra work at something less than was claimed by the plaintiff, and that of the work for counters and shelving about $150 less than was claimed by the plaintiff in his sworn complaint. Exceptions were taken to the findings of fact and

conclusions of law; and, upon a hearing in the circuit court, all the exceptions taken by the defendant were overruled, and the report of the referee was confirmed, and judgment entered in favor of the plaintiff upon the findings. From such judgment the defendant appealed."

*Edward S. Bragg*, for appellant.

For the respondent there was a brief by *Eli Hooker*, his attorney, with *C. E. Hooker*, of counsel, and oral argument by *Eli Hooker*.

TAYLOR, J.   Upon this appeal no point is made upon any of the findings of fact of the referee, or rulings of the circuit court thereon, so far as they relate to the amounts found due to the respondent upon his several claims against the appellant; but exceptions were taken to the refusal of the referee to find in favor of the appellant that he was entitled to a credit upon the several claims of the respondent for two items: one, $71.24, which the appellant claims he had paid to one Wilbur, one of the respondent's workmen, and $22.75, which he claims to have paid to the firm of Athouse & Co. for work done for the respondent in the preparation of lumber, etc., in doing the work. These charges of the appellant were rejected by the referee and by the circuit court.   .

The answer of the appellant alleges payment of all the claims of the respondent, and there are no other allegations in the answer under which proof of the payment of these claims would be admissible. There was no application to amend the answer on the trial before the referee, or in the circuit court. The answer alleges that the defendant had paid to the plaintiff for and on account of his work the sum of $573.61, "inclusive of payments made at the special instance and request of the plaintiff, and for which the defendant had become liable to other parties who had performed work and labor for the plaintiff in and about said business." The evidence of the payment of the two items above specified to Wilbur and At-

house & Co. was admissible under this allegation, and under no other in the answer; and the only question for the referee and circuit court was to pass upon the sufficiency of the evidence to sustain the claim that these two items were paid with the knowledge and assent of the respondent. Upon this question of fact the referee found against the appellant, and such finding was affirmed by the circuit court. The learned counsel for the appellant asks this court to reverse that finding of fact upon the evidence; but at the same time he very candidly admits that to do so it will be necessary to examine at length and carefully the written bill of exceptions, containing all the evidence, without the aid of a printed case to aid in the search for evidence tending to show the error of the referee and circuit court. This court, we think, is not called upon to search out the evidence from the written bill of exceptions to demonstrate that a finding of fact by a referee or court is not supported by the evidence. If it be charged by the appellant that a finding of fact is contrary to the clear preponderance of the evidence, or is not supported by the evidence, it is the duty of the appellant to show affirmatively that it is so unsupported. The error is not to be presumed. The printed case should in such case contain all the evidence bearing upon the question, or such references should be made to the written bill of exceptions as would enable this court to find the evidence without laborious search. Although we are of the opinion that we were not called upon, by the case made by the appellant's printed case and brief, to search for the error complained of in the mass of evidence contained in the bill of exceptions, we have taken the trouble to examine the bill in order to discover, if we could, whether the evidence was so clear that these payments had been made by the appellant, with the knowledge or consent of the respondent, either express or implied, as to call upon this court to reverse the finding of fact as being against the clear preponderance of the evidence. In that search we have encountered the difficulty suggested by

the learned counsel for the appellant, and have found that the grains of evidence bearing upon this question are so isolated and distributed through a great mass bearing upon the other questions litigated, that it is difficult to bring them together so as to present them with any degree of force or clearness upon the question to be determined.

Upon the question of the item claimed to have been paid to Athouse & Co., if we understand the evidence, the claim that it has been paid by the appellant is far from being established. The evidence seems to show that it has not been paid at all, but has been charged to the appellant upon the books of the firm and remains still unsettled for; and there is no evidence that the respondent had any knowledge of the fact that the same was so charged, or that he had ever in any way assented thereto. The finding upon this item is clearly not against the weight of evidence, so far as we have been able to ascertain from the record. As to the item claimed to have been paid to Wilbur there is more evidence; and if we have clearly comprehended the force of it, we certainly would not have reversed the finding of the referee if he had found that it was paid with the assent of the respondent. The course of dealing, the manner in which the other men were paid, the fact that the respondent furnished the bill of Wilbur's work with the amount due him per day, and other evidence tending to show that there might have been an implied agreement that the appellant should pay the amount due him, would, we think, support a finding that the payment to him was made with the assent of the respondent. On the other hand, the respondent testifies that it was not paid with his assent. It also appears that nearly all the other payments were made upon the written orders of the respondent, and that the appellant admits it was paid without any written or verbal direction of the respondent; and the other fact that he claims it was paid because he had agreed with Wilbur, before he commenced work, that he would see him paid for his work, might well have been taken

into consideration by the referee in determining the question. There is another fact appearing in the record which might have had a bearing upon this question, viz., that Wilbur's bill for his wages is receipted by him as paid several weeks after the action was commenced. Whilst this receipt is not conclusive against the claim made in a general way in the evidence of the appellant that he paid the $71.24 on the 19th of December, and before the action was commenced, still it was a fact in the case which, unexplained, might justly have some weight in the determination of the question. From all the light we have been able to derive from our search of the record, we are unable to say that the finding of the referee that the payment of $71.24 was not made with the knowledge and consent, express or implied, of the respondent, is against the clear preponderance of the evidence.

The learned counsel for the appellant, waiving the question whether the payment was made with the assent of respondent, insists that, Wilbur having done the work for the respondent upon appellant's building, for which work Wilbur might have claimed a lien upon the building in case respondent had refused or neglected to pay him, he was authorized to pay Wilbur the amount due for his wages without the knowledge or consent of his employer, and charge the amount so paid to him as money paid for his use and at his request; that the law in such case would imply a request. He bases this proposition upon the claim that in all cases where a contractor to erect a building for another employs other workmen to help him do the work, the owner of the building is secondarily liable for the payment of the men so employed. We think this claim is unfounded. If one person employs another to construct a building for him, the contractor to furnish the materials and do the work, there is no secondary or other liability on the part of the employer, by reason of the contract, to pay any man who furnishes material or does work for the contractor. His liability to make such payment grows out of the statute

concerning the lien of mechanics and others; and, before the furnisher of materials or the workman has any claim for payment upon the owner, he must first give the notice required by statute. Until such notice is given, no lien attaches in favor of the workman or furnisher; and until such notice is given there is no authority on the part of the owner to pay such furnisher or workman. If the money is due from him to the contractor before such notice is given, he can discharge himself and his property from all claim of the furnisher or workmen by paying to the contractor. There is no obligation on his part to pay any one but his contractor, until the notice required by the statute is given. See section 3315, R. S. 1878; sections 2 and 3, ch. 153, R. S. 1858. In this case there is no evidence tending to show that Wilbur had demanded his pay of the respondent, and that he had neglected or refused to pay him, before the payment was made by the appellant; nor is there any evidence that he gave the appellant notice that he claimed a lien upon his building for the pay. If the appellant paid Wilbur without the knowledge or assent of the respondent, either express or implied, and without any notice given by Wilbur, as required by statute, in order to make his claim for wages due from the respondent a lien upon the appellant's building, he cannot have the benefit of such payment as a payment made to the respondent. He must protect himself by taking an assignment of the claim of Wilbur against the respondent.

It is also claimed by the learned counsel for the appellant, that the payment made to Wilbur should have been allowed upon the ground that, having paid Wilbur's claim against the respondent, he should be subrogated to Wilbur's right against the respondent, or that such payment to Wilbur should be treated as a purchase of the claim of Wilbur by the appellant, and so was a good set-off or counterclaim against the respondent. We are inclined to think, if the appellant was bound to pay the debt due to Wilbur from the respondent, by

his promise to do so in order to induce him to work for the respondent on his building, and such agreement was made without the knowledge or assent of the respondent, then, upon making such payment to Wilbur, he would be entitled to be subrogated to Wilbur's right against the respondent or to an assignment of the claim; that such payment would not be a discharge of the claim of Wilbur against the respondent, and it would be kept alive by way of subrogation or assignment for the benefit of the appellant.

But, if that were so, it would not aid the appellant on this appeal. He did not in the court below set up this claim as a counterclaim for so much money due to Wilbur upon his account for work, and which, either at law or in equity, had been assigned to the appellant, but relied solely upon the evidence tending to show that the payment had extinguished the debt due to Wilbur for his work, and was made with the assent of the respondent. Having failed upon that issue in the court below, and not having asked any amendment of his pleadings in that court, so as to place his right upon the ground of counterclaim, he is in no position to ask this court to reverse the judgment in order to let him recover upon a case entirely different from that submitted to the court below. The respondent might well object that he had not litigated the question of how much there was due from him to Wilbur on the trial, and that he relied to defeat the appellant's claim solely on the fact that the payment was made without his authority. There is no necessity of placing the decision of this court upon a ground not litigated in the court below, in order to protect the rights of the defendant. If he has paid these claims, as he contends he has, he can take an assignment of them; and, if the respondent refuses to pay them, he can enforce them against him in another action. We see no reason for reversing this judgment.

*By the Court.*— The judgment of the circuit court is affirmed.