Gœtz vs. Salomon.

GŒTZ vs. SALOMON.

*August 29 — September 19, 1882.*

FINDINGS OF FACT:    *When not disturbed.*

Findings of a referee or court on questions of fact will not be set aside unless they appear to be contrary to the fair preponderance of evidence.

APPEAL from the County Court of *Milwaukee* County.
Action to recover a balance alleged to be due for services performed by the plaintiff while in defendant's employ.    The answer alleged, among other things, payment in full.    Upon the trial before the referee, the defendant's books of account

were introduced in evidence.   An entry therein: "*A. W. Gœtz, Jr.*  Cr.   By wages October 9, 1872, to July 1, 1873, $800 .... 649," was explained by the plaintiff as follows: " The entry of a credit of $649 and before that a mark of fig- ures, $800, was made by Mr. Anger, who was bookkeeper at that time.  .  .  .   The defendant told me, as near as I can recollect, that he had credited my account at the rate of $800, but to say nothing to Anger, that he would rectify it in the future.   He said that Anger was getting $800, and in order not to create any bad feeling he had credited me with $800."   "As a matter of fact I was working at the rate of $1,000 a year.   He promised to fix my balance at the rate of $1,000 a year.   The entry was not a true entry of what I was to receive."   Other facts sufficiently appear from the opinion.   From a judgment for the plaintiff the defendant appealed.

For the appellant there was a brief by *Davis, Riess & Shepard*, and oral argument by *Mr. Riess*.

For the respondent there was a brief by *Goodwin & Bene- dict*, and oral argument by *Mr. Goodwin*.

COLE, C. J.   The question arising on this appeal is merely one of fact.   The contention is as to the amount of salary which the plaintiff was to receive for his services from the time he entered the defendant's employ, October 9, 1872, to May 1, 1874.   The plaintiff testified that he was to be paid a salary of $1,000 a year for the entire time he was in the defendant's employment.   The defendant denied this, and testified that the plaintiff was to receive at the rate of only $800 a year from October 9, 1872, to May 1, 1874, and that he has been paid in full for his services.   The case was tried by a referee, who found in favor of the plaintiff's claim, and this finding was confirmed by the county court.   We are now asked to set aside the finding because it is against the fair preponderance of evidence.   After an examination of

the entire testimony we do not feel authorized in doing this. The testimony is greatly in conflict. The parties themselves were the principal witnesses, and the question of fact is to be determined mainly on their statements. They directly and flatly contradict each other as to the amount of salary which the plaintiff was to receive prior to May 1, 1874. It is claimed that the account books which were introduced on the trial tend to corroborate the statements of the defendant on this point. The plaintiff gives his explanation of the way the $800 entry to his credit happened to be made. His story is not so improbable that we can discredit it. There are other entries or interlineations in these books of account which are calculated to somewhat weaken their effect as testimony. Such being the state of the evidence, we cannot disturb the finding of the referee, for we have time and again decided that we would not set aside the findings of a referee or court on questions of fact unless they appeared to be contrary to the fair preponderance of evidence. *Murphy v. Dunning*, 30 Wis., 296; *Ely v. Daily*, 40 Wis., 52; *Monitor Iron Works Co. v. Ketchum*, 44 Wis., 126.

*By the Court.*— The judgment of the county court is affirmed.