Althouse vs. Baldwin and another.

*By the Court.*— So ordered.

ALTHOUSE vs. BALDWIN and another.

*November 29 — December 12, 1882.*

FINDINGS OF FACT: *When not disturbed.*

The findings of the trial court or a referee, upon pure questions of fact, will not be disturbed unless the record shows them to be clearly against the preponderance of the evidence.

APPEAL from the County Court of *Dodge* County.

The case is stated in the opinion.

For the appellant there were briefs by *Eli Hooker*, as attorney, with *C. E. Hooker*, of counsel, and oral argument by *Mr. Eli Hooker*.

For the respondent the cause was submitted upon the brief of *H. W. Frost*, as attorney, with *J. B. Hays*, of counsel.

TAYLOR, J. This action was brought by the plaintiff in justice's court to recover $31.98, a balance claimed to be due him on account against the defendants. The action was tried in justice's court, and judgment rendered in favor of the defendants for the costs of the action; from which judgment the plaintiff appealed to the county court of Dodge county. The county court referred the case to a referee to hear, try, and determine. The referee found for the defendants, and the county court affirmed the report of the referee, and final judgment was rendered in that court in favor of the defendants for their costs of the action, and from that judgment the plaintiff again appealed to this court.

The only point raised by the appellant is that upon the whole evidence he was entitled to a judgment for the balance of his account claimed by him against the respondents. This court is asked to reverse this judgment upon a pure question of fact, after the judgment of two courts against him upon a full trial in both courts.

We have no doubt as to the right of the court to review questions of fact, upon appeals from judgments rendered by the court below, when the trial is by the court without a jury, or by a referee. The statute imposes this duty upon this court. In the discharge of that duty this court has held, for reasons which are apparent to any one familiar with the trial of actions, that it labors under many disadvantages in attempting to discharge that duty, and that it will not, therefore, reverse the findings of the trial court upon pure

questions of fact, except in cases where the record shows that such findings are clearly against the preponderance of the evidence. *Walker v. Newton*, 53 Wis., 336; *Austin v. Austin*, 45 Wis., 523; *Monitor Iron Works v. Ketchum*, 44 Wis., 126; *Ely v. Daily*, 40 Wis., 52; *Murphy v. Dunning*, 30 Wis., 296; *Snyder v. Wright*, 18 Wis., 689; *Jenkins v. McCurdy*, 48 Wis., 628; *Halaska v. Cotzhausen*, 52 Wis., 624. Many other cases might be cited showing the reluctance of this court to disturb the findings of fact of the court or referee, when the action is tried without a jury.

In this case the respondents claimed that the whole account was paid; one of them testified to the payment, and he produced a witness who testified that shortly after the account was made, and after the same was due, he inquired of the plaintiff as to the fact whether the same was paid, and that plaintiff said it was. Against this evidence we have the testimony of the plaintiff that it was not paid. This certainly does not show a preponderance of evidence in favor of the plaintiff. But the learned counsel for the appellant argues that there is evidence of contradictory statements made by the respondent who testifies to the payment, which discredits his testimony. These contradictory statements, if any are proved, do not relate to his declaration of payment, but as to when the payment was made, or the manner of its payment. It is also insisted that the defendants' witness, who testifies as to the admission of plaintiff that the account was paid, had also made contradictory statements, and that therefore the credible testimony is clearly in favor of the plaintiff. We are unable to find anything in the evidence which indicates that either the respondents or their witness were impeached, either by wilfully making any contradictory statements or otherwise. The referee could better judge than this court whether the witnesses were entitled to credit, and we are not disposed to reverse his finding because the record discloses some contradictions in the

statements of the witnesses upon collateral matters. The fact that this balance of account was not demanded for five years or more after it was due and payable, might well have been taken into consideration by the referee in determining the question upon the evidence of witnesses who could speak from memory alone. We do not think there is such a clear preponderance of evidence in favor of the plaintiff as would justify this court in disturbing the judgment.

*By the Court.*— The judgment of the county court is affirmed.