ZIMMERMAN, Administrator, Respondent, vs. CHAMBERS, Appellant.

*January 21 — February 3, 1891.*

*Partnership: Action for accounting: Injunction.*

1. One who agrees with another to purchase a steamboat and do business with it as joint owners and partners, and pays a part of the purchase money, has no adequate remedy at law, in case his copartner fraudulently procures the title of the boat to be conveyed to himself alone, and afterward takes sole possession, excluding the former from all participation in the business and its proceeds. He may, therefore, maintain an action in equity to compel such copartner to convey to him one half of the boat, and to account for the proceeds of the business.

2. The plaintiff in such action need not tender payment of his share of the purchase money before suing, since the defendant has ample security in the joint property.

3. That the defendant had a right to dissolve the partnership at any time, as he has in effect done, does not deprive the plaintiff of his right of action for an accounting.

4. In such an action the defendant may properly be enjoined from selling or incumbering his half of the boat until after the accounting.

APPEAL from the Circuit Court for *Milwaukee* County. The case is fully stated in the opinion.

For the appellant there were briefs by *Frank M. Hoyt* and *Godwin, Adsit & McKnight*, and oral argument by *F. M. Hoyt* and *G. C. Godwin*. They argued that equity will not entertain a bill for specific performance of a contract to convey personalty. 3 Pomeroy, Eq. sec. 1492; Fry on Spec. Performance, sec. 29 *et seq.* Plaintiff had an ample remedy at law in an action for the conversion of the property. He had not entitled himself to equitable relief by performing or readiness to perform on his part. 3 Pomeroy, Eq. sec. 1407. Defendant had a right to dissolve the partnership, it being for no definite time. 2 Lindley, Partn. 570-2; Story, Partn. 271-2.

For the respondent there was a brief by *Williams, Friend & Bright*, and oral argument by *O. T. Williams*.

ORTON, J. The findings of fact are, in substance, as follows: On the 8th day of May, 1886, John W. Zimmerman, (deceased), and the appellant together executed a contract set out in the complaint, at Ludington, Michigan, for the purchase of the propeller John O. Dewar for the sum of $6,500, and were to be equal owners and equal partners in it and in its business. John W. Zimmerman, by his son, the present administrator and respondent, paid down $600 on the purchase, and, within ten days thereafter, $400 more, according to the contract, and the appellant paid nothing. It had been previously understood and agreed between the

parties, and which was one of the considerations of the purchase of the propeller, that the respondent, M. M. Zimmerman, should be the master and manager of said boat, and, immediately on the execution of said contract of purchase, it was delivered to him, and placed under his management and mastership by said partners. The boat was managed in this way until about September 15, 1886, when by the mutual agreement of the parties, she was overhauled, reconstructed and improved on their joint account.

On the 11th day of June, 1886, the appellant went to Ludington, Michigan, and fraudulently, and in violation of the terms of their said contract, and in fraud of the rights of said Zimmerman (deceased), and in his absence, and without his knowledge or consent, procured to be made and obtained from the former owner, from whom they had purchased it, a bill of sale of said boat *to himself alone* for the same consideration mentioned in said contract, and upon the same terms of payment mentioned therein, by giving notes and security for the balance of the purchase money of $5,500, after deducting the said $1,000 so paid by said Zimmerman (deceased). The respondent, when he ascertained the fact, objected and protested, on behalf of his father, against the papers being so made, and the appellant agreed to convey one half of the vessel to him, and presently adjust the matter according to said agreement, and to hold the same in trust for him. The respondent relied upon said agreement and representations, and continued to be employed, as before, in the management of the boat, as her master, in commerce between Frankfort and Manistee, until the last of July, and afterwards between Saugatuck and Grand Haven, in the interest of both parties as owners, until the 9th day of September, without any complaint or objection, and without any cause of complaint from the appellant. About the said 15th day of September, the respondent fraudulently asserted sole ownership of the boat, and

fraudulently and forcibly discharged and ejected the re-
spondent and his crew from said boat, and took sole posses-
sion thereof, and has since so held the same.  Since that
time the appellant has employed said boat in the commerce
of Lake Michigan, and the waters connected therewith, and
has earned large sums of money with said boat, the amount
of which is unknown to the respondent, and which he
wishes the appellant to disclose, no part of which has been
paid or accounted for to John W. Zimmerman, or to the
respondent, and the appellant has used the same for his own
benefit, and refuses to account for the same.

The appellant is yet in possession of said boat, and ex-
cludes the respondent therefrom, and denies his rights and
interest therein.  The boat is free from incumbrance, and
is worth $7,000.  She is now laid up at the port of Frank-
fort, Michigan, and hails from there, of which place the ap-
pellant is a citizen and resident.

The court also found, generally, that the allegations of
the complaint were true.  The judgment is that the plaintiff
recover one half interest in the boat, of the value of $3,500;
that the defendant transfer and reconvey to the plaintiff
one half of the boat; and that a reference be made, and an
accounting had between the parties, and an account stated
of all earnings and disbursements of the boat after May 8,
1886; and that, upon such accounting, the rights and equi-
ties of the parties, in relation to said boat, be adjusted, and
the defendant is enjoined from selling or incumbering the
same.  From this judgment the defendant has appealed.

A great many exceptions are taken to the findings of
fact, but they are not embraced in the assignment of errors.
We think, however, from an examination of the testimony,
that the findings of fact are substantially sustained by it.
The circuit court was in a more favorable situation to de-
termine the weight and credibility of the evidence than this
court can be, by reason of its seeing the witnesses, and ob-

serving their manner of testifying, and of its being able to apply the usual tests of credibility, and, unless there was a clear preponderance of the evidence against the findings, they ought to stand, and such is not the case here. *James v. Cutler*, 54 Wis. 172; *Goetz v. Salomon*, 55 Wis. 310; *Althouse v. Baldwin*, 56 Wis. 398.

The errors assigned are:

1. That the circuit court ought to have dismissed the complaint on the facts found, on the ground that the plaintiff has an adequate remedy at law for the injuries complained of. The facts show that the parties were tenants in common of the propeller purchased by them, and were also partners in the carrying and commercial business by the use and means of it. The defendant partner has forcibly seized and appropriated all of the property of the tenants in common and partnership; used it for making large profits; and refuses to recognize the plaintiff as having any interest in it; and refuses to account for such use and profits. The plaintiff cannot have an action at law in such a case, and, if he could, it would be inadequate. One partner cannot sue the other partner at law for the partnership property. *Shields v. Fuller*, 4 Wis. 102; *Lower v. Denton*, 9 Wis. 268; *Drew v. Ferson*, 22 Wis. 651. Tenants in common have equal rights in the possession of the property, and neither can maintain an action at law against the other for his share or interest, unless it has been sold or destroyed. *Tallman v. Barnes*, 54 Wis. 181. Nor can one tenant take the property from the other by force. *Ibid.*

2. The complaint should have been dismissed for want of equity. To this assignment of error it may be said that the plaintiff has shown himself entitled to some remedy or relief, and, if he cannot obtain it in an action at law, he must have a remedy in equity. In an equitable action all the equities of the parties in the subject-matter may be adjusted. *Winslow v. Crowell*, 32 Wis. 639. Equity will com-

pel one who takes the title to himself of property which he agrees to obtain for another, by the use of the money of such other person, to convey it to the proper person. *Spence v. Spence*, 17 Wis. 448. Equity will reform a contract to conform it to the real intent of the parties, and enforce specific performance thereof. *Fery v. Pfeiffer*, 18 Wis. 510. It is too familiar a rule to require authorities that a court of equity only can afford relief in partnership cases when one partner has taken possession of all the partnership property, or controls the entire business, and refuses to account. When an accounting is necessary, the party must resort to equity, or when specific performance of a contract is sought to be enforced. These are all elements of the present case.

3. But it is objected by the learned counsel of the appellant that the plaintiff has not tendered his share of the purchase money. The defendant has ample security, in the joint property, for the plaintiff's share of the purchase money. The plaintiff does not yet know whether the profits of the running of the boat, which the defendant has received, will not reimburse him for such half of the purchase money, and cannot know, until the accounting, how much, if anything, he ought to pay. For the plaintiff's share of the purchase money paid by the defendant, he has all the time had a right of action at law. *Edwards v. Remington*, 51 Wis. 336. Each partner has a lien on the partnership property for any balance of account in his favor. *Miller v. Price*, 20 Wis. 117.

4. It is said also that the defendant had the right to dissolve the partnership at any time. That may be true, so far as the dissolution of the partnership is concerned, and the plaintiff had the right in such a case to demand an accounting, and seek to obtain his share of the property and profits of the partnership. The right to take forcible possession of all the partnership property, and convert it to

his own use, and to retain all the profits of the business, and refuse to account for anything, is hardly included in one partner's right to dissolve the partnership. The partnership is now dissolved, by the death of one of the partners. So much greater the necessity for this action in equity, and for an accounting and final settlement of the business and division of the assets.

5. Again it is said that the defendant should not have been enjoined from selling or incumbering his half of the boat. We have seen that each partner has a lien on the partnership property for any balance of the account in his favor. It is not yet known how the account between the partners stands. Even tenants in common can be made to account for the use of the joint property.

One part of the judgment is that the defendant convey to the plaintiff one half of the boat. This is tantamount to a decree that the boat is the property of the partnership, and that the defendant place it where it belongs, or convey it to the partnership. The material part of the judgment is the accounting, and, on the coming in of the referee's report, the court can then adjust the rights and equities of both parties so that neither party can possibly suffer any wrong or injury.

*By the Court.*— The judgment of the circuit court is affirmed.