## MECHELKE and wife vs. BRAMER.

*November 22 — December 11, 1883.*

*Court and jury — Excessive damages — Evidence.*

1. The question of the credibility of witnesses is for the jury.
2. This court will not set aside a verdict on the ground that the damages are excessive unless it appears from the evidence that they are so excessive as to create a belief that the jury have been misled either by passion, prejudice, or ignorance.
3. Evidence of a conversation between the defendant and his wife, not in the presence of the opposite party, was properly excluded, no explanation having been given as to what was expected to be proved thereby.

APPEAL from the Circuit Court for *Dodge* County. The case is stated in the opinion.

For the appellant there was a brief signed by *E. P. Smith* and *A. K. Delaney*, as attorneys, and *J. M. Pereles*, of counsel, and oral argument by *Mr. Smith.*

For the respondents the cause was submitted on the brief of *Fribert & Lewis.*

TAYLOR, J. This is an action to recover damages for an alleged assault and battery by the defendant and appellant upon *Christine Mechelke*, wife of *Ernest Mechelke*. The appellant's answer is a justification of the alleged assault and battery, and claims that what was done by him was lawfully done in ejecting the said *Christine* from his house, where she unlawfully persisted in remaining, after being requested by him to leave. The case was tried by the court and a jury, and a verdict was rendered in favor of the plaintiffs for $225. No exceptions were taken on the trial except one to the rejection of some evidence offered by the appellant. There were no exceptions taken to the charge of the court to the jury. There was a motion for a new trial made in the most general terms, without specifying any particular

grounds therefor.   The motion was overruled, and the defendant appeals to this court.

It is alleged that the verdict was against the evidence, and that the jury should have found that the appellant was justified in what he did in removing *Christine* from his house and premises; and, if the verdict is not erroneous in that respect, then the damages awarded are excessive.   Whether the defendant was justified or not depends upon the credibility of the witnesses.   If the plaintiffs and their witnesses are to be believed, then it is very clear that his acts were not justifiable.   If, on the other hand, the defendant and his witnesses are to be credited, and no credit is to be given to the plaintiffs and their witnesses, the judgment should have been for the defendant.   But the question as to the credit which should be given to the evidence of the witnesses of the respective parties is one solely for the jury, and all the questions bearing upon that point were fairly submitted to them by the court in its instructions; and their verdict upon that question is conclusive upon this court.   It would be a waste of labor to cite authorities upon a question of this nature.

It is equally clear that there is nothing in the evidence, under the finding of the jury that credit should be given to the testimony of the plaintiffs and their witnesses rather than to the defendant and his witnesses, which would justify this court in setting aside the verdict on the ground that the damages are excessive.   As was said in the case of *Corcoran v. Harran*, 55 Wis., 128: "To authorize the interference of this court [upon that question], it should appear from the evidence that the damages are so excessive as to create the belief that the jury have been misled either by passion, prejudice, or ignorance.   But this power is very sparingly used, and never except in a clear case."   We see nothing in the evidence in this case which would justify us in finding that the jury were misled either by passion, prejudice, or igno-

rance. If the evidence of the plaintiffs and their witnesses is to be taken as giving the facts in the case, the verdict is quite moderate in its amount.

From the evidence in the case we are unable to say that the jury awarded the plaintiff any punitory damages. The jury were very properly instructed by the learned circuit judge " that if they believed the assault was malicious and wilful, as well as unjustifiable, they might assess damages by way of punishment and example," beyond what would be strictly compensatory damages. To this instruction no exception was taken by the defendant. It is to be presumed, therefore, that the defendant as well as the court was of the opinion that there was evidence given on the trial which, if fully credited by the jury, would justify the assessment of punitory damages. And from an examination of the evidence we concur in that opinion; but whether the jury assessed any punitory damages does not appear from the record.

The learned counsel for the respondents insists that this question of excessive damages cannot be raised in this court, because this point was not specifically made on the motion for a new trial. But as we are of the opinion that we would not be justified in reversing the judgment for that cause upon the evidence appearing in the record, we do not determine that question.

The defendant, when on the stand as a witness in his own behalf, was making a statement as to a conversation he had with his wife the morning of the affray, and before it took place, in which he stated that his wife said she wanted his house and his boy, or $500, and that he should leave and they would part. He then asked her why, and she said two parties had informed her that he had committed adultery. He asked her who the parties were, and she would not tell. At this point the plaintiffs objected to the defendant giving any more of the conversation between him and his wife.

The objection was sustained, and this is alleged as error. No statement was made at the time as to what the defendant wished to show by the further disclosure of what took place between the defendant and his wife at that time. As the conversation he was detailing was not in the presence of the plaintiffs or either of them, presumably it was not competent' evidence for the defendant; and if there was anything in it which would make it competent, it was the duty of the party offering it to make it appear that it was competent. As no explanation was made as to what he expected to prove, we are unable to see how he was prejudiced by its exclusion. It might have been competent for the defendant to show that his wife in that conversation had stated that *Mrs. Mechelke* was one of the parties who had told her he had committed adultery. Such evidence would have some bearing upon the question of the propriety of his ordering *Mrs. M.* out of his house and off his premises. The offer to show the conversation, without showing how it was material to the defense, was properly rejected.

*By the Court.*— The judgment of the circuit court is affirmed.