La Coursier vs. Russell and others.

La Coursier, Respondent, vs. Russell and others, Appellants.

*April 15 — May 3, 1892.*

*Master and servant: Contract of employment: Entirety: Termination: Evidence: Reference: Long account.*

1. By a written contract defendants employed plaintiff and agreed to pay him $1,500 for the term of one year from March 21, 1889, quarterly, together with his necessary expenses. They having failed to pay his salary, plaintiff quit the employment on November 1, 1889, and sued upon the contract. *Held,* that the contract was not an entirety; that plaintiff had a right of action at the end of each quarter for his salary and expenses up to that time; and that, defendants having refused to perform the contract on their part, plaintiff had the right to terminate it when he did, and to recover upon it according to its terms to the date of such termination.

2. Plaintiff's testimony that he was competent to do the work for which he was employed, and that he performed the contract on his part, was corroborated by the fact that, after he had been at work for them for several months, defendants paid $400 on his expense account without any complaint whatever, and that it was not until he had quit the employment because of their failure to pay his

La Coursier vs. Russell and others.

salary that they charged incompetency or unfaithfulness. *Held,* that the evidence warranted a finding that he performed the contract on his part.

3. An action to recover salary and expenses was referred on the ground that the trial would involve the examination of a long account. No such account was apparent from the pleadings, but the record contains a bill of particulars of about 150 items of account of the expenses. *Held,* that the reference was proper.

APPEAL from the Circuit Court for *Milwaukee* County.

Action to recover the sum of $1,370.80, with interest, being the amount alleged to be due the plaintiff for services rendered and expenses incurred under a written contract. The facts sufficiently appear from the opinion. The defendants appeal from a judgment in favor of the plaintiff for $1,350.35, with interest and costs.

For the appellants there was a brief by *Elliott & Hickox,* and oral argument by *C. T. Hickox.*

For the respondent the cause was submitted on the brief of *Cox & Cox.* To the point that the contract was not an entirety, they cited *Butler v. Kirby,* 53 Wis. 188; *Central M. T. R. Co. v. Spurck,* 24 Ill. 588; *Canal Co. v. Gordon,* 6 Wall. 561; *White v. Atkins,* 8 Cush. 367; Wood, Master & S. 171, sec. 85; *Clark v. Clifford,* 25 Wis. 597; *Hoar v. Clute,* 15 Johns. 224.

ORTON, J.   On the 21st day of March, 1889, at Spokane Falls, in Washington Territory, the defendants, being strangers in that region and desirous of investing money in mining properties in the mining region and of engaging in the business of buying and working mines and of finding and developing claims and finds, employed the plaintiff to explore the mining region, look up mineral lands and mines and chances of investing therein, and examine mines and rocks, and generally survey the whole field of that region, with a view of recommending to the defendants the purchase of mining property. The defendants made a

written contract with the plaintiff, as follows: That "they agree to pay the plaintiff fifteen hundred dollars for the term of one year from that date, quarterly; also necessary expenses herewith, and one sixth of all mining properties' purchased by the defendants through the plaintiff's recommendations, and the plaintiff to own one sixth interest subject" to certain conditions named in said contract, not material to this case. The plaintiff entered immediately upon the duties of his said employment, and explored Washington Territory, Idaho, Montana, and British Columbia in the discharge of his said duties, and in so doing paid out and expended in the interests of the defendants, between that date and the 1st day of November, 1889, the sum of $857.80; and the defendants paid him thereon the sum of $400, and at said last-mentioned date neglected to pay the plaintiff any more on his expenses, or to pay any of his salary up to that time, and the plaintiff quit said employment, and brought this suit to recover his salary and the balance of said expenses. These facts are substantially stated in the complaint.

The defendants answered to the effect that the plaintiff, in order to induce them to enter into said contract with him, represented that he had traveled all over the states and territories above mentioned, together with Colorado, and knew every mine and prospect that amounted to anything in the mineral region of which Spokane Falls is headquarters, and that he was acquainted with the owners of the mines, and with mineral lands and prospects and those engaged in prospecting, and that he knew good chances of investment at great profits. The plaintiff also represented that he was a mining expert and fully competent to discharge the duties of said employment; and said plaintiff knew that said representations were false. The defendants entered into said contract in consequence of them, and they received no benefit from the services of the plaintiff, al-

though they paid him $400 on his expenses; and he was incompetent, inefficient, and failed to make good any of his representations, and failed to report any good investments or purchases. The defendants first demurred to the complaint, which was overruled.

The plaintiff moved for a reference of the whole case, on the ground that the trial would involve the examination of a long account, and said motion was granted, and Hugh Ryan, Esq., was duly appointed the referee to hear, try and determine the case. The referee made his findings of fact and conclusions of law to the effect (1) that said contract was made; (2) that the plaintiff worked under the same until the 1st day of November, 1889; (3) that he necessarily paid out, expended, and disbursed, as his expenses while engaged in said employment, the sum of $837.35; (4) that he made no fraudulent statements or misrepresentations to the defendants, or either of them, to induce them to execute said contract; (5) that the plaintiff ceased work under said contract November 1, 1889, for the reason that the defendants failed and refused to pay him his salary thereunder, and failed to keep and perform the contract on their part; (6) that the plaintiff received from the defendants only the sum of $400, and there was due him at the commencement of this action, over and above said sum of $400, the sum of $912.50 for salary, and the further sum of $437.85 for money actually and necessarily paid out for expenses as above; (7) that the plaintiff in all respects performed the contract on his part; and as a conclusion of law that the plaintiff was entitled to a judgment against the defendants for the sum of $1,350.35, with interest from November 1, 1889, with costs.

1. On demurrer to the complaint the learned counsel of the appellants contend that plaintiff should have continued the employment and then sued upon the contract, or have rescinded the contract and resorted to a *quantum meruit.*

La Coursier vs. Russell and others.

That might be so if the contract was entire. But it is not an entirety. The salary is payable quarterly, and the expenses at any time when necessary. The plaintiff had a right of action for salary at the end of each quarter, and for expenses incurred up to that time, and must rely on the contract as the measure of that right. The plaintiff had the right to recover for two full quarterly payments and the expenses, by the terms of the contract. For the balance of the time to the 1st day of November, 1889, the plaintiff had a right to recover by the terms of the contract, upon the principle that he had a right to put an end to the contract at that time by the refusal of the defendants to perform on their part. *Evans v. Bennett*, 7 Wis. 404; *Butler v. Kirby*, 53 Wis. 188; *Clark v. Clifford*, 25 Wis. 597; *Gordon v. Brewster*, 7 Wis. 355; *Danley v. Williams*, 16 Wis. 581. See other cases cited in respondent's brief.

2. It is claimed to have been error for the court to refer this case for trial on the ground that the trial would involve the examination of a long account, when there was no such account apparent from the pleadings. The plaintiff's claim for his expenses might readily suggest to the court that such expenses would consist of a great many items of account, and I find in the record a bill of particulars containing about 150 items of account of the expenses. It was a very proper case for reference.

The other errors assigned are to the rulings of the referee on the merits of the case. Whatever may have been the representations of the plaintiff as to his competency to perform the services he undertook to perform for the defendants, they are only material so far as they relate to his competency to perform such services. He is charged with having represented himself to be a mining expert, and of his having had great experience in mining, and a wide acquaintance among men engaged in mining and prospecting, etc. Such representations are only material as they were

necessary to render him competent to do the work for which he was employed. The plaintiff denied, however, making such particular representations. The most material question is whether he was competent to perform his contract. According to his own testimony, he was not only competent, but did perform to the utmost what any one could have done under the circumstances, to bring to the attention of the defendants chances of profitable investment. He makes for himself by his testimony a perfectly clear case. No reason is apparent why the referee should not believe his testimony and predicate his findings upon it. But there are certain facts outside of his testimony, which corroborate it in its most essential particulars. The defendants, after several months' experience and knowledge of the plaintiff's ability and of what he had accomplished in the field, paid him $400 for his expenses, without any complaint whatever that he had deceived them as to his competency or had accomplished less than he ought to have done. As late as September 2d one of the defendants wrote to him, apologizing for not paying his draft, and giving as a reason that he wished another of the defendants to pay his share, and wishing him to wait patiently. The last letter the plaintiff received from the defendants was on November 2d, expressing the hopeful confidence that they would be able to accomplish something more the coming spring, and excusing their past delinquencies by attributing them to the "act of Divine power," and "forced circumstances." In this last letter they make no complaint that their failure to realize any profit was on his account, or that he was blamable in any respect, and if they blamed any one it was themselves.

This testimony is overwhelmingly in favor of the plaintiff and against their defense. Why did they allow the plaintiff to continue in the field of exploration, at great expense of labor and money to himself, and make a part pay-

La Coursier vs. Russell and others.

ment of his expenses, without objection or complaint, if he was incompetent or was not doing his full duty? As late as July, when they paid the $400, they must have known whether he was competent or of any use to them. But they permitted him to go on to the last hour the plaintiff was able to bear his expenses, or willing longer to trust them for past salary and expenses. It was not until the plaintiff had demanded a settlement and payment, and had ceased rendering them services in consequence of their failure to pay him, that the defendants made the charge of incompetency and unfaithfulness. Here is testimony of equitable estoppel, and affirmance and reaffirmance of both the contract and performance of it by the plaintiff, which all the testimony of the defendants on the trial is scarcely sufficient to rebut, and which corroborates in all essential particulars the testimony of the plaintiff.

In view of this testimony, we cannot say that the referee was not justified in making said findings, or the court in confirming the report and rendering judgment upon it. We certainly could not say that the findings of the referee are against the weight or preponderance of the evidence, which is the only ground for our interference with the findings of a referee. *Walker v. Newton*, 53 Wis. 336; *Ely v. Daily*, 40 Wis. 52; *Cunningham v. Brown*, 44 Wis. 72. There is a conflict in the testimony of the parties as witnesses, and questions of credibility which the referee is better able, and the court as able, to decide as this court, and their decision of them is at least equal to the verdict of a jury, which this court ought not to disturb. *Bowe v. Rogers*, 50 Wis. 598; *Brusberg v. M., L. S. & W. R. Co.* 55 Wis. 106; *Mechelke v. Bramer*, 59 Wis. 57.

*By the Court.*— The judgment of the circuit court is affirmed.