Winkler vs. Racine Wagon & Carriage Co.

WINKLER, Appellant, vs. RACINE WAGON & CARRIAGE COMPANY, Respondent.

*March 1 — April 12, 1898.*

*Master and servant: Damages for wrongful discharge: Burden of proof: Pleading: Appeal.*

1. An employee who has been wrongfully discharged by his employer before the expiration of the contract period may wait until after such time, and then sue and recover the amount which he would have earned under such contract, less what he might have, in the meantime, earned elsewhere.

2. In an action by an employee to recover damages for such wrongful discharge, the burden of proving in mitigation of damages, that the plaintiff could have obtained employment elsewhere, is upon the defendant.

3. A complaint which alleges the contract by which the plaintiff was employed, and his wrongful discharge before the expiration of the contract period, states a cause of action for a breach of the contract, and the averment that there is now "due the plaintiff by

Winkler vs. Racine Wagon & Carriage Co.

virtue of such contract " a certain sum, naming the balance which he would have earned under the contract, does not make it an action for wages.

4. Where the objection to a complaint is raised *ore tenus* at the trial, the complaint should be construed liberally and with a view to substantial justice, and not so as to defeat it by undue technicality.

5. Where an order sustaining a demurrer to the complaint and awarding costs is reversed on appeal, another order setting off those costs against costs awarded to the plaintiff on dismissal of the defendant's counterclaim should also be reversed.

APPEAL from a judgment of the circuit court for Racine county: FRANK M. FISH, Circuit Judge. *Reversed.*

Action upon contract. The complaint was to the effect that on and prior to January 1, 1894, the defendant entered into a contract and agreement with the plaintiff, whereby, in consideration of the plaintiff entering and continuing in the employ of the defendant as a carriage maker for the period of one year from and after January 1, 1894, the defendant would pay the plaintiff for such work, labor, and services $1,500 on or before January 1, 1895; that, under said contract, he entered into the defendant's employ January 1, 1894, and continued therein until November 1, 1894, when the defendant, without cause, justification, or excuse, dismissed plaintiff from its employ, and although the plaintiff was willing and ready to continue in such employ, and fully perform such contract on his part, refused to permit him to work further for it, and compelled him to seek employment elsewhere, which he did, diligently, without avail; that, excepting the sum of $1,250 paid thereon at various times, no part of said contract price had been paid by the defendant; and that " there is now due the plaintiff herein, by virtue of such contract, the sum of $250," which the defendant refused to pay, and for which judgment was demanded. The defendant, by its answer, denied that the plaintiff was employed to work for it for one year from January 1, 1894,

to January 1, 1895, for $1,500, and denied that the plaintiff worked for it by the year, but alleged that he worked for it during the year 1894, under a contract by which he was to receive $125 per month, and was paid at that rate for his work from January 1, 1894, to November 1, 1894, being $1,250, which was in full payment for all work that he had performed for the defendant; that the plaintiff was discharged for insubordination and disobedience to defendant's lawful orders. The defendant pleaded two counterclaims, upon which it demanded judgment for $1,500.

At the trial, before the court and jury, the defendant demurred *ore tenus* to the plaintiff's complaint, on the ground that the plaintiff's action could not be sustained for wages that had never been earned; that he did not work for the defendant any part of the time for which he claimed wages; and that the only action he had against the defendant was for breach of contract. The court sustained the demurrer, and adjudged that the complaint be dismissed, with costs in favor of the defendant for $49.14. The court dismissed the defendant's counterclaims for failure on its part to produce proof in support of them, and taxed costs on such dismissal in favor of the plaintiff at $49.06. Afterwards the defendant moved the court for an amendment to the order of the court allowing judgment of nonsuit, with costs on said counterclaims; but the court ordered that the plaintiff's costs on such counterclaims as taxed by the clerk be offset against the costs of the defendant taxed in its favor against the plaintiff in the action, and that, to such extent, such judgment for costs be marked "Satisfied" upon the record, but without costs to either party.

The plaintiff appealed from the order offsetting said costs, and from the judgment sustaining the demurrer *ore tenus* to the complaint.

For the appellant there was a brief by *Kearney & Thompson*, and oral argument by *T. M. Kearney*.

Winkler vs. Racine Wagon & Carriage Co.

For the respondent there was a brief by *Hand & Hand,* attorneys, and *Winkler, Flanders, Smith, Bottum & Vilas,* of counsel, and oral argument by *E. P. Vilas.* They argued, among other things, that the action was improperly brought for the recovery of wages. It should be in tort for a breach of the contract. *Howard v. Daly,* 61 N. Y. 362; *Weed v. Burt,* 78 id. 101; *James v. Allen Co.* 44 Ohio St. 226; *Keedy v. Long,* 5 L. R. A. 759; *Chamberlin v. Morgan,* 68 Pa. St. 169; *Willoughby v. Thomas,* 24 Gratt. 521; *Olmstead v. Bach,* 22 L. R. A. 74; *Efron v. Clayton,* 35 S. W. Rep. 434; *Lichtenstein v. Brooks,* 75 Tex. 196; *Bennett v. Morton,* 46 Minn. 113; Wood, Master & S. 246, 247.

PINNEY, J.  The defendant's contention is that if, as is alleged in the complaint, the plaintiff was wrongfully discharged by the defendant before the expiration of the stipulated period of his service, he cannot sue for and recover the unpaid portion of the stipulated wages, except for past services rendered and for such sums of money as had already become due; that, as far as any other claim on the contract is concerned, he should have sued for the injury he had sustained by his wrongful discharge and breach of the contract in not being allowed to serve the stipulated period, and earn the wages agreed on, relying on the rule laid down in *Howard v. Daly,* 61 N. Y. 362; and *Weed v. Burt,* 78 N. Y. 191. The general rule is that when a contract is entire, as in the present case, it is necessary for a party to show full performance on his part before he can maintain an action upon it. The authorities recognize certain exceptions to the rule, as where performance has been rendered impossible by the act of God, by the act of the law, or by the act of the other party. *Jennings v. Lyons,* 39 Wis. 557. The defendant having wrongfully discharged the plaintiff and refused to receive his services or permit him to complete his contract of service, the plaintiff had the right to treat it as broken, and to sue on it and recover to the date of the expiration of the contract ac-

cording to its terms, and the measure of his damages *prima facie* would be the contract price of the work; but the defendant might mitigate the damages by showing that the party might have obtained other employment elsewhere. The burden of showing this is on the defendant. In *Danley v. Williams*, 16 Wis. 581, it was held that where one contracts to work for another, either for a specified time or until he finished a building or other work, if he is prevented by the fault of the hirer he is certainly damaged to the extent of the sum he would have received for his services unless he could obtain other employment in the meantime. "In the absence, therefore, of any evidence that the party might have obtained any other employment, the law can adopt no other rule of damages than the contract price, unless there is some legal presumption that such other employment might be obtained." *Barker v. Knickerbocker L. Ins. Co.* 24 Wis. 630.

The complaint counts, in substance, upon a breach by defendant of the contract between the parties, in that it, without justification or excuse, dismissed the plaintiff from its employment, notwithstanding he was ready and willing to continue in its employment and fully perform the contract on his part, and compelled him to seek employment elsewhere. It seems to be the settled law of this state that, where a party is thus wrongfully discharged by the employer before the expiration of the contract period, he may wait until such period arrives, and then recover against the employer the wages he would have earned but for such wrongful discharge, less what he could have earned by employment elsewhere, which will be in reduction of damages. *Gordon v. Brewster*, 7 Wis. 355; *La Coursier v. Russell*, 82 Wis. 265; *Littlefield v. William Bergenthal Co.* 87 Wis. 394.

It savors of over-refinement and extreme technicality to say that the action as framed is not in substance founded upon the breach of contract stated, in consequence of the wrongful and improper discharge of the plaintiff. The aver-

Winkler vs. Racine Wagon & Carriage Co.

ment in the complaint that "there is now due the plaintiff, by virtue of such contract, $250," is no more than saying that the plaintiff's damages for such breach amounted to that sum, and would seem to be but the equivalent of a claim not technically for wages, but for compensation for breach of the contract. We think that the complaint states in a clear and concise manner all the facts necessary to show that the plaintiff had a cause of action against the defendant for a breach of the contract between the parties, and to recover damages according to the rule stated in the cases cited. It is true that it is alleged in the complaint that there is due the plaintiff, by virtue of such contract, the sum of $250, all of which the defendant neglects and refuses to pay, and for which judgment is demanded. The assumption that the action is for *wages* rather than for compensation under the contract on account of its breach is not justified by the allegations of the complaint. The objection to the complaint was raised *ore tenus* at the trial, and the court should have construed the complaint liberally, and with a view to substantial justice, and not so as to defeat it by undue technicality of construction. We hold, therefore, that the court erred in sustaining the defendant's demurrer *ore tenus*, and that the judgment given thereon as stated must be reversed.

Inasmuch as the judgment against the plaintiff on the defendant's demurrer *ore tenus* to the complaint and for costs is reversed as erroneous, it follows that the order setting off the costs should also be reversed; so that the plaintiff may proceed to collect the judgment for costs awarded to him on the dismissal of the defendant's counterclaims, and from which there has been no appeal.

*By the Court.*— The judgment of the circuit court on the demurrer *ore tenus* to the plaintiff's complaint is reversed, and the cause remanded for a new trial; and the order offsetting the costs in the circuit court on the dismissal of the defendant's counterclaims, in favor of the plaintiff, against the costs awarded to the defendant is reversed.