Decided February 2, 1909.

## QUICK *v.* SWING.

[99 Pac. 418.]

APPEAL AND ERROR—PLEADING—CONSTRUCTION.

1. Where the sufficiency of a complaint has not been challenged at the trial, all reasonable intendments in favor thereof will be invoked on appeal.

MASTER AND SERVANT—CONTRACT OF EMPLOYMENT—BREACH—REMEDY.

2. An employee's remedy for wrongful discharge before the expiration of his term, is by action for damages for breach of contract, and not in assumpsit for implied services or for wages.

MASTER AND SERVANT—EMPLOYMENT CONTRACT—BREACH—COMPLAINT—
CONSTRUCTION.

3. Where a complaint alleged plaintiff's employment for a specified term, his wrongful discharge prior to the expiration of the term, and his ability

and willingness to perform the work required, and demands judgment for a specified amount of money, the complaint, not having been assailed by demurrer, will be construed to state a cause of action for damages for breach of contract, and not an action for wages.

MASTER AND SERVANT—WRONGFUL DISCHARGE—NEW EMPLOYMENT—BURDEN OF PROOF.

4. In an action for damages for breach of an employment contract, the burden is on defendant to prove that, after plaintiff was discharged, he could have secured other employment, and thus reduced the damages, etc.

APPEAL AND ERROR—REVIEW—EVIDENCE—PREJUDICE.

5. In an action for breach of an employment contract, defendant was not prejudiced by plaintiff's testimony that, after he had been wrongfully discharged, he had been unable to obtain employment.

From Coos: JAMES W. HAMILTON, Judge.

Submitted on briefs under the proviso of Rule 16 of the Supreme Court: 50 Or. 580.

For appellant there was a brief over the name of *Mr. Joseph W. Bennett.*

For respondent there was a brief over the names of *Mr. Edward L. C. Farrin, Mr. George N. Farrin* and *Mr. James M. Upton.*

Opinion by MR. CHIEF JUSTICE MOORE.

This is an appeal by the defendant, John Swing, from a judgment rendered against him in favor of the plaintiff, Elmer Quick, for the sum of $475. It appears from the bill of exceptions that the defendant owns a gasoline boat with which he tows logs, scows, etc., and transports fish on Coos Bay and other coast ports. From May to November of each year he finds constant employment for his boat, requiring the crew on some days to labor long hours. For the remainder of the year, however, the demand for towing and carrying freight is not so urgent.

The plaintiff on May 1, 1905, entered into an agreement with the defendant, whereby he was to labor as an engineer and deck hand on the gasoline boat for one year from that day, for which service he was to receive $1,000. In order to secure the payment of the stipulated compensation, and also to guarantee employment for the plaintiff during the season when the boat was not so

generally used, the defendant deposited with a bank at Marshfield $1,000 for the plaintiff, who gave a receipt therefor, stipulating that, in consideration thereof, he was to work in the manner and for the term specified. The plaintiff immediately began the service and performed work until October 29, 1905, when the defendant, without just cause, discharged him, drove him from the gasoline boat, and refused longer to allow him to fulfill his part of the agreement. In the meantime, however, the plaintiff permitted the defendant to withdraw from the bank the remainder of the specified deposit, to-wit: $600, for which in September, 1905, he executed to the plaintiff a promissory note, payable in one year, with interest at 7 per cent per annum from that date. In order to keep the note safely, the plaintiff delivered it to the defendant, who agreed to place it in the bank for the payee; but he neglected to do so. The complaint set forth the facts in substance as hereinbefore detailed.

The answer denied the material averments of the complaint, and alleged in effect that, by the terms of the contract, the plaintiff was to be paid at the end of the year the sum stated for his services; that, after commencing the work, the plaintiff frequently quit laboring, without permission, and on October 29, 1905, willfully and voluntarily abandoned the service, since which time, without any just cause, he neglected to keep or perform his part of the agreement; and that immediately after commencing to render the service, the defendant, at the plaintiff's request, paid him his wages in advance, and, when he abandoned the work, he had received on account thereof the sum of $500.

The reply denied the allegations of new matter in the answer, and, the cause having been tried, the result was as hereinbefore stated.

1. At the trial the plaintiff, appearing as a witness in his own behalf, was asked on direct examination what work, if any, he had performed between October 29,

1905, when he was discharged, and May 1, 1906, when his services would have terminated pursuant to the agreement. An objection to the question, on the ground that it was immaterial, irrelevant, and incompetent, because the action was for the recovery of wages under the contract, and not for damages resulting from a breach of the agreement, having been overruled and an exception allowed, the witness replied that between the days specified he had performed no labor. It is contended by defendant's counsel that in permitting the challenged question to be answered an error was committed. It is insisted by plaintiff's counsel, however, that the complaint herein sets forth the contract of employment, asserts a breach thereof by a wrongful discharge, affirms an ability and willingness to continue the service, and avers the sum of money that would have been received under the agreement, and that sufficient facts being thus stated to authorize the recovery of the damages sustained, though damages as such are not claimed, the testimony objected to was admissible. No demurrer appears to have been interposed to the complaint; and, as its sufficiency was not challenged, all reasonable intendments are to be invoked in favor of the pleading, to which no objections were made until the trial. *Baker City* v. *Murphy*, 30 Or. 405 (42 Pac. 133: 35 L. R. A. 88) ; *Fowler* v. *Phoenix Ins. Co.*, 35 Or. 559 (57 Pac. 421) ; *Currey* v. *Butcher*, 37 Or. 380 (61 Pac. 631). The remedy of an employee who has been wrongfully discharged before the expiration of his term of engagement is not in assumpsit for implied services or for wages, but is for damages resulting from a breach of the agreement. *Hamilton* v. *Love*, 152 Ind. 641 (53 N. E. 181: 54 N. E. 437: 71 Am. St. Rep. 384) ; *Howard* v. *Daly*, 61 N. Y. 362 (19 Am. Rep. 285) ; *Weed* v. *Burt*, 78 N. Y. 191.

2. In a case of this kind the complaint usually sets forth the contract of employment, alleges a breach thereof by a wrongful discharge prior to the expiration

of the term of service, asserts the ability and willingness of the servant to perform the work required, and concludes with the allegation that, in consequence of the failure of the defendant to keep and perform the terms of the agreement, the plaintiff has sustained damages in a stated sum, for which judgment is demanded. The complaint in the case at bar does not aver that the plaintiff has been damaged, but, after stating the facts in substance as hereinbefore detailed, concludes with a demand for judgment for a specified amount of money.

3. In a note to the case of *Howay* v. *Going-Northrup Co.*, 6 L. R. A. (N. S.), 49, 68, it is said: "Even an averment in a complaint that there is now due the plaintiff by virtue of the contract of employment a specified sum in effect charges that the plaintiff's damages for such breach amount to that sum, and constitutes a claim, not technically for wages, but for compensation for the breach of the contract"—citing in support thereof *Winkler* v. *Racine Wagon & Car. Co.*, 99 Wis. 184 (74 N. W. 793). To the same effect, see 26 Cyc. 1002; *Bartlett* v. *O. F. Sav. Bank*, 79 Cal. 218 (21 Pac. 743: 12 Am. Rep. 139); *Paige* v. *Barrett*, 151 Mass. 67 (23 N. E. 725). The sufficiency of the complaint herein not having been assailed by a demurrer, its averments should be liberally construed, to the effect that the plaintiff's damages for the breach of the agreement amount to the sum for which judgment was demanded, and that the allegations of his primary pleading formulate not an assertion for wages but a compensation for the breach of the agreement. With these preliminary observations in respect to the form of action as disclosed by the averments of the complaint, attention will be called to the objection interposed to the testimony given by the plaintiff.

4. The burden of proving that, after the plaintiff was discharged, he could have secured other employment, and thus have reduced the damages which he claimed, to the

extent of the wages received from other sources, was imposed upon the defendant. *Winkler* v. *Racine Wagon & Car. Co.,* 99 Wis. 184 (74 N. W. 793).

5. Though the plaintiff was not obliged to anticipate such defense (*Wirth* v. *Calhoun,* 64 Neb. 316: 89 N. W. 785), we cannot see how the defendant was prejudiced by the testimony to which objection was made, and conclude that no error was committed in permitting the question to be answered.

Exceptions were taken to the court's refusal to charge the jury as requested, which instructions practically present the same questions considered as to the sufficiency of the complaint and the admissibility of the plaintiff's testimony.

Believing that no error was committed as alleged, the judgment is affirmed.                AFFIRMED.