## TEMPLETON v. LLOYD.

[109 Pac. 1119: 115 Pac. 1068.]

APPEAL AND ERROR—DISMISSAL—CURE OF DEFECTS.

1. When, on account of the transcripts in two cases being filed at the same time, there was some delay in the payment of fees, a motion to dismiss for such nonpayment will be denied where such payment is made before hearing of the motion.

APPEAL AND ERROR—NECESSITY OF BILL OF EXCEPTIONS.

2. Where the record contains no bill of exceptions, the only question to be determined on appeal is whether there is any error of record.

CHATTEL MORTGAGES—RIGHTS OF MORTGAGEE—CONDITION BROKEN.

3. When the conditions of a chattel mortgage have been broken, the lien thereof is converted into a qualified ownership in the mortgagee, entitling him, under Section 7410, L. O. L., to the possession of the mortgaged property, and enabling him to maintain an action to recover such possession.

CHATTEL MORTGAGES—CONDITION BROKEN—TITLE—FORECLOSURE.

4. When the mortgagee of chattels, after condition broken, secures possession of the mortgaged property, the mortgagor's title is not extinguished, and it is necessary that the lien be foreclosed strictly in accordance with the terms of the mortgage, or in the manner provided by law.

APPEAL AND ERROR—REVIEW—PLEADINGS—PRESUMPTIONS IN FAVOR OF ALLEGATIONS.

5. Where there is no demurrer to the complaint, all reasonable intendments in favor of the allegations therein will be invoked on appeal.

VENUE—DEMURRER—JURISDICTION.

6. When a defendant wishes to challenge the authority of a court to try an action in replevin in the county in which such action is brought, unless it is alleged in the complaint that the property was taken in such county, he should distinctly specify that objection in his demurrer.

PLEADING—AIDER BY JUDGMENT.

7. In the absence of a demurrer, and after findings of fact which are of the same effect as the verdict of a jury, and judgment thereon, a complaint to foreclose a chattel mortgage, alleging the execution thereof, upon the property in question, and that the condition of such mortgage has been broken, is sufficient, without alleging that plaintiff was entitled to immediate possession.

From Multnomah:   JOHN B. CLELAND, Judge.

---

Decided June 28, 1910.

ON MOTION TO DISMISS.

[109 Pac. 1119.]

This is an action by C. R. Templeton against Cecil B. Lloyd. Plaintiff moves to dismiss defendant's appeal from the judgment rendered in the court below.

*Mr. Ralph R. Duniway,* for the motion.

*Mr. J. F. Boothe, contra.*

Opinion PER CURIAM.

An action at law and a suit in equity, between the parties hereto and practically involving the same question, were tried and determined in the court below, and separate appeals therefrom were taken. The respondent's counsel moves to dismiss the appeal and to affirm the judgment in the law action, on the ground that no

proper bill of exceptions has been filed, nor has any trial fee therein been paid, thus showing that no jurisdiction of the cause has been secured by this court. The appellant's counsel insist that pursuant to stipulation it was agreed that both causes might be tried on a single abstract and that the transcript filed conforms to the terms of the contract. The respondent's counsel denies that any agreement to that effect was completed. In view of this dispute, we conclude that justice will be promoted by denying the motions for the present, with permission to renew them when the causes are heard on the merits; and it is so ordered.                    DENIED.

Argued and Submitted April 13, decided May 31, 1911.

## RENEWAL OF MOTION TO DISMISS.

## ON THE MERITS.

[115 Pac. 1068.]

Motion to dismiss appeal denied, and judgment affirmed.                                        AFFIRMED.

For appellant there was a brief and an oral argument by *Mr. J. F. Boothe.*

For respondent there was a brief and an oral argument by *Mr. Ralph R. Duniway.*

## ON MOTION TO DISMISS.

MR. JUSTICE BEAN delivered the opinion of the court.

Plaintiff files a motion to dismiss the appeal for the reason that defendant filed no transcript within the time allowed by law, and that the necessary clerk's fees have not been paid. From the record it appears that the transcript in this case was filed on March 16, 1910, and within the time allowed.

1. This cause was tried in the lower court upon the same testimony as that introduced in a suit between the same parties to foreclose a chattel mortgage upon the same property, and apparently, on account of the transcripts in the two cases of the same name being filed at the same time, some delay was caused in the payment of fees. This has been corrected. The motion to dismiss therefore will be denied, and it is so ordered.

MOTION DENIED.

## ON THE MERITS.

This is an action for the possession of personal property. The cause was tried by the court without the intervention of a jury, resulting in findings and judgment for plaintiff, and defendant appeals.

The complaint alleges, in substance, that the defendant, being the owner of one seven-passenger, 30-60 horse power, Stearns touring car, No. 1,116, valued at $2,500, which he purchased from the Crowe Automobile Company at Portland, Oregon, on May 21, 1909, for value received executed to plaintiff a chattel mortgage on said automobile, to secure the payment of a note of $2,000, due in ninety days from that date at eight per cent per annum, and reasonable attorney's fees; that the chattel mortgage was duly recorded in Multnomah County, State of Oregon, and is a valid and existing chattel mortgage upon said property, and that said sum is due and unpaid; that on the day of the commencement of this action, and prior thereto, plaintiff demanded payment of the note, and upon defendant's failure to make such payment plaintiff demanded possession of the property, delivery of which defendant refused, unlawfully withholding the chattels from plaintiff's possession. Defendant, by his answer, admits the execution of the note and mortgage upon the automobile to secure payment of $2,000, with interest; admits plaintiff demanded payment of the note,

and his refusal to pay; also the demand for the possession of said property and his refusal to deliver the same. Further pleads that the note and mortgage were given solely for the purpose of indemnifying plaintiff on account of his signing a note of $700, dated May 21, 1909, for L. E. Templeton, and that there is a suit pending in the same court to foreclose said mortgage. The reply put in issue the new matter of the answer.

2. The record in this cause contains no bill of exceptions. The only question to be determined, therefore, is whether or not there is any error of record. This court will not review the findings of fact of the lower court: *State* v. *Drake,* 11 Or. 396 (4 Pac. 1204) ; *Page* v. *Smith,* 13 Or. 410 (10 Pac. 833) ; *Miles* v. *Swanson,* 47 Or. 213 (82 Pac. 954). It is claimed by defendant that the complaint, in failing to allege that the plaintiff was entitled to the immediate possession of the personal property in question, does not state facts sufficient to constitute a cause of action, and that the case comes within the rule laid down in *Kimball* v. *Redfield,* 33 Or. 292 (54 Pac. 216).

From an examination of the complaint, it will be observed that the execution of the chattel mortgage upon the property in question is alleged, and that the conditions of such mortgage have been broken. The statute provides that "whenever the condition of any mortgage of goods and chattels shall be broken, the mortgagee shall be entitled to the immediate possession of the mortgaged property, and when after breach of the condition of any such mortgage the possession of the mortgaged property shall not be delivered up to the mortgagee upon demand by him, * * the mortgagee may recover the possession of such mortgaged property in the manner provided by Chapter II of Title IV of the Code of Civil Procedure." Section 7410, L. O. L.

3. When the conditions of a chattel mortgage have been broken, the lien thereof is converted into a qualified ownership in the mortgagee, entitling him, under the above section of the statute, to the possession of the mortgaged property, and enabling him to maintain an action to recover such possession: *Swank* v. *Elwert*, 55 Or. 487 (105 Pac. 901) ; *Case T. M. Co.* v. *Campbell*, 14 Or. 460 (13 Pac. 324). In *Casto* v. *Murray*, 47 Or. 57 (81 Pac. 388, 883), a case precisely in point, this court, in an opinion by Mr. Justice MOORE, held that upon a state of alleged facts, entitling the plaintiff to possession of the property, a right to the immediate possession thereof is disclosed by reasonable presumption, without a special averment to that effect.

"It is not necessary to allege a fact which the law will presume."

In the case at bar the plaintiff's complaint states facts entitling him to the possession of the personal property at the time of the commencement of the action, and does not come within the rule in *Kimball* v. *Redfield*, 33 Or. 292 (54 Pac. 216).

4. When the mortgagee of chattels, after condition broken, secures possession of the mortgaged property, the mortgagor's title is not extinguished, and it is necessary that the lien be foreclosed strictly in accordance with the terms of the mortgage, or in the manner provided by law. *Backhaus* v. *Buells*, 43 Or. 558 (72 Pac. 976: 73 Pac. 342) ; *Swank* v. *Elwert*, 55 Or. 487 (105 Pac. 901). This rendered it necessary for the plaintiff to foreclose the mortgage after taking possession of the mortgaged property.

5. There was no demurrer to the complaint, and all reasonable intendments in favor of the allegations of the complaint will be invoked on this appeal: *Quick* v. *Swing*, 53 Or. 149 (99 Pac. 418).

6. When a defendant wishes to challenge the authority of a court to try an action in replevin in the county in which such action is brought, unless it is alleged in the complaint that the property was taken in such county, he should distinctly specify that objection in his demurrer and thereby call the attention of the court to the point, in order to have the same decided: *Marx & Jorgenson* v. *Croisan*, 17 Or. 393 (21 Pac. 310) ; *Byers* v. *Ferguson*, 41 Or. 77 (65 Pac. 1067: 68 Pac. 5).

7. In the absence of any demurrer, and after findings of fact, which are of the same effect as the verdict of a jury, and judgment thereon, we think the complaint is sufficient to sustain the judgment.

Finding no error in the record, it follows that the judgment of the lower court is affirmed; and it is so ordered.

AFFIRMED.

---

On Motion to Dismiss, decided January 24, 1911.    Dismissed on Motion
of Respondent May 31, 1911.