Argued March 25; affirmed May 20, 1930

SCHOOL DIST. NO. 106 OF CLACKAMAS COUNTY
*v.* NEW AMSTERDAM CASUALTY CO.

(288 P. 196)

*Lamar Tooze* of Portland (Jay S. Moltzner and Jaureguy & Tooze, all of Portland, on the brief) for appellant.

*O. G. Edwards* of Portland (Robert F. Maguire of Portland on the brief) for respondent.

BROWN, J. At the outset it will be helpful to note that the receipt or alleged "release" invoked in defense of plaintiff's cause arose from and in the settlement of a claim for $2,587.75, based upon a different policy and covering a different period of time, and for peculations other than those which resulted in the filing of this action.

With respect to the first proposition presented by defendant, it is proper to observe the holding of this court in a number of instances to the effect that, when a law action is tried to the court without a jury, it is the duty of the court to enter findings of fact upon all material issues, and upon the failure of the court to make such findings upon all material issues the judgment is void: *Oregon Home Builders v. Montgomery Investment Co.*, 94 Or. 349 (184 P. 487); *Maeder Steel Products Co. v. Zanello*, 109 Or. 562 (220 P. 155). See § 158, Or. L. Since these decisions were rendered, this section of our code has twice been amended. See chapter 211, p. 396, General Laws of Oregon, 1925, and chapter 165, p. 184, General Laws of Oregon, 1927. As amended in 1927, it reads:

"Upon the trial of an issue of fact by the court, its decision shall be given in writing, and filed with the clerk during the term or within twenty days thereafter. The decision shall consist of either general or special findings without argument or reason therefor. All parties appearing in the case shall have the right to

request either special or general findings, and if any findings are requested by any party litigant such requested findings shall be served upon all the other parties who have appeared in the case, and such adverse parties may, within ten days after such service, present to the trial judge objections to such proposed findings or any part thereof and request other, different, or additional findings. When the findings are prepared by the court or judge thereof, a copy of such findings shall be served upon, or mailed to, all parties appearing in the case or their attorneys ten days before the same are filed, and any party litigant may, within such ten days, object thereto and request other, different, or additional findings. Nothing herein contained shall prevent the court from shortening the time in which to file objections or request other, different, or additional findings, or prevent the parties to the case stipulating or agreeing to the findings to be entered.''

■ It appears from the record herein that, at the conclusion of the testimony and argument by counsel, the court ruled that the defendant had failed to sustain either of its affirmative defenses, and held that the plaintiff was entitled to recover a judgment for $712.34, with $200 attorney's fees. The attorneys were instructed to prepare their findings, ''serve a copy of it upon opposing counsel, mail them to me at Baker, and I will sign and return them for filing.'' The defendant made no objections to the findings, and no request for different or additional findings. This fact would not indicate that it was dissatisfied with the findings as made. In view of the foregoing, reversible error can not be successfully predicated upon the court's failure to find in accord with the theory of the defendant.

■ The defendant asserts that the plaintiff's cause of action was not such as to justify the court in giving a judgment for plaintiff's attorney fees.

Section 6355, Or. L., as amended by chapter 184, p. 208, General Laws of Oregon, 1927, reads:

"Whenever any suit or action is brought in any courts of this state upon *any policy of insurance of any kind or nature whatsoever,* the plaintiff, in addition to the amount which he may recover, shall also be allowed and shall recover as part of said judgment such sum as the court or jury may adjudge to be reasonable as attorney's fees in said suit or action; provided, that settlement is not made within six months from date proof of loss is filed with the company \* \* \*"

Note the broad and inclusive language of the statute: *"any policy of insurance of any kind or nature whatsoever."* This language is so plain, and its meaning so clear, that construction is neither required nor permitted.

■ It is contended, among other things, that plaintiff's complaint is defective, in that it fails to allege sufficient facts to authorize a judgment for attorney's fees in this action. Plaintiff alleged:

"That said defendant, although demand has been made upon it therefor more than 6 months prior to the filing of this action, has failed, neglected and refused, and now refuses to pay to plaintiff said sum of $712.34, or any part thereof, and plaintiff has been damaged in the full sum of said $712.34 and interest since November 9, 1926;

"That the sum of $250 is a reasonable sum to be allowed as attorney's fees in this action."

After hearing the testimony, the court found "that defendant, although demand has been made upon it therefor more than 6 months prior to the filing of complaint in this action, has failed, neglected and refused to pay to plaintiff said sum of $712.34, or any part thereof," and allowed an attorney's fee of $200.

· The proof clearly shows that the school district, through its clerk, furnished the defendant corporation with proof of loss and made demand for payment of the sum due on the bond. Plaintiff's Exhibit "G" reads:

"R. F. D. 1, Oswego, Oregon, Sept. 3, 1927.
"Seeley & Company,
"Portland, Oregon.
"Gentlemen:
"You will find enclosed herewith a copy of a special audit of the financial transactions of this district by the former clerk, Mr. Russell W. Robertson, who is bonded in the New Amsterdam Casualty Company, for which you are the general agents.

"This audit was made at the request of the board of directors, and shows that the sum of $712.34 was intrusted to Mr. Robertson, for which no returns were made.

"At its last meeting, the board instructed the clerk to advise you of the above, and to make formal demand that your company reimburse this district in the amount above mentioned.

"This shortage occurred during the school year 1924-25, and an early settlement is desired."

Seeley & Company, general agents of the defendant corporation, made no complaint about the insufficiency of the proof of loss, nor did they take any action looking to a settlement.

On October 8, 1927, the plaintiff, through its clerk, again wrote the general agents of defendant corporation as follows:

"Gentlemen:
"On September 3, 1927, a letter was sent to you under registered number 101 enclosing an audit of the accounts of Mr. Russell W. Robertson, as clerk of this school district, for the year 1924-5, and making formal demand on your company to make good a shortage of

$712.34, shown by said audit to have been misappropriated by Mr. Robertson. The receipt of said letter was acknowledged on September 6, 1927, by D. M. Shea, but to date we have received no intimation that anything was being done looking to a settlement of this claim.

"Naturally the board feels safe if the clerk who handles the funds is bonded in a company with the standing the New Amsterdam enjoys, but can not understand the delay in adjusting claims for losses when properly presented.

"Thanking you for early attention to this matter, and looking for an early reply, I am,

"Sincerely yours,

"J. J. Story,
"School Clerk."

The defendant answered this communication on October 11, as follows:

"My dear Mr. Story:
"Re School Clerk's Bond.

"We acknowledge your letter of October 8, and in reply will say we have referred this claim to the company's attorney.

"You will doubtless hear from him very shortly.

"Very truly yours,
"Seeley & Company, General Agents.
"(Sgd.) A. D. Roueche,
"Underwriting Department."

Under date of October 14, the attorney addressed a letter to the clerk of the school district, reading:

"Dear Sir:

"I wish to acknowledge receipt of letter which you forwarded to Seeley & Company under date of October 8th respecting claim of Russell W. Robertson.

"The claim is of a peculiar nature inasmuch as we were advised by the school superintendent and the auditor that Mr. Robertson's accounts were in order for

the year 1924-1925. Based upon this statement, we renewed Mr. Robertson's bond for 1925-1926.

"In view of the fact that the same auditor has made two conflicting statements, we are not in position to accept the claim and suggest that the audits be made by a certified public accountant.

"Yours very truly,

"J. S. Moltzner."

The school clerk then addressed the attorney for defendant as follows:

"Mr. J. S. Moltzner, Attorney,

"365 Yamhill Street,

"Portland, Oregon.

"My dear Sir:

"Referring to your letter of October 14, 1927, re shortage of Mr. Russell W. Robertson's bond for 1924-1925, the board has had a careful and accurate audit made of the ex-school clerk's accounts, copies of which have been sent you.

"The board is satisfied that the claimed shortage exists. It knows of no reason why it should be called upon to incur the expense of an independent and additional audit. If the Amsterdam Casualty Company desires to examine the original records to check up the board's audit, or desires at its own expense to have an audit made, the board will gladly cooperate with the company by placing its records at its disposal.

"We would request you to consult with Winter & Maguire, 511 Pacific building, who are advising the board in this matter.

"Kindly let us have your wishes at the earliest practicable date, as it is the desire of the board to have this matter adjusted at once."

■ Based upon competent evidence, the trial judge correctly found that a proper demand was made upon the defendant more than six months prior to the institution of this action, and the record discloses that that demand contained ample proof of loss.

With reference to the alleged insufficiency of the complaint upon which to base a recovery of attorney's fees, we call attention to the case of *Minter v. Minter,* 80 Or. 369 (157 P. 157), where Mr. Justice BURNETT, speaking for the court, quoted from the leading case of *Bates v. Babcock,* 95 Cal. 479, 482 (30 P. 605, 29 Am. St. Rep. 133, 136, 16 L. R. A. 745, 748), as follows:

"It is only when there is in the complaint an entire absence of averment of a fact essential to a recovery, so that no evidence of that fact could be received at the trial, that a judgment in favor of the plaintiff can not be sustained; but, if the objection be merely that such fact is defectively alleged, evidence received under such averment, if sufficient, will sustain the judgment."

Another interesting case bearing on the same subject is *Houghton & Palmer v. Beck,* 9 Or. 325, where the court, speaking through LORD, C. J., held:

"A defect in a pleading, whether of substance or form, which would have been fatal on demurrer, is cured by verdict, if the issue joined be such as necessarily required, on the trial, proof of the facts defectively stated or omitted, and without which it is not to be presumed that either the judge would direct the jury to give, or that the jury would have given the verdict." Syl.

See, also, *Templeton v. Lloyd,* 59 Or. 52 (109 P. 1119, 115 P. 1068); *Hamilton v. Baggage & Omnibus Transfer Co.,* 97 Or. 620 (192 P. 1058); 49 C. J. 869, 870.

■■ Now, recurring to the defendant's contention that it had been released from liability on the policy involved herein: School districts in their corporate capacity have the power to sue and to defend suits brought against them: 2 Smith, The Modern Law of Municipal Corporations, § 1447. However, school directors can exercise only powers expressly granted by statute, or such as result by fair implication from

granted powers: *Baxter v. Davis,* 58 Or. 109 (112 P. 410, 113 P. 438); *Crawford v. School District No. 7,* 68 Or. 388 (137 P. 217, 50 L. R. A. (N. S.) 147, Ann. Cas. 1915C, 477); 35 Cyc. 899. The liberty of action of executive officers of private corporations is not accorded to school directors: 2 Smith, The Modern Law of Municipal Corporations, § 1434. School directors are required to act as a board in all matters of great concern to their district, and such action shall be recorded in the proper records of the district. In the performance of their duties the officers of a school district are likewise required to act in strict conformity with the provisions of the statute. Section 5050, Or. L., reads:

"Any duty imposed upon the board as a body must be performed at a regular or special meeting, and must be made a matter of record. The consent to any particular measure obtained of individual members when not in session is not an act of the board, and is not binding upon the district."

See *Taggart v. School District No. 1,* 96 Or. 422 (188 P. 908, 1119).

That the plaintiff school district was acting in a governmental or public capacity in its negotiations with the defendant corporation looking to a settlement of the matter forming the basis of this action, is not questioned.

The writing upon which the defendant grounds one of its affirmative defenses herein bears thereon the following typewritten matter:

"In payment of principal of shortage of Russell W. Robertson, Clerk."

Upon its face there likewise appears the following printed matter:

"When properly endorsed on the back hereof, this draft becomes and constitutes a receipt and release."

■ This draft, in the amount of $2,587.75, was issued to cover shortage in the school funds for the school year 1925-1926. The defendant would say to the court that this draft so delivered by it to the clerk of the school district constitutes full and complete satisfaction of any and all claims of the district against it. The fallacy of this argument is at once apparent. The other bond, which forms the basis of this action, covered the school year 1924-1925. On this bond there was due the district from the defendant insurance company, on account of the peculations of the school funds by the then clerk, the sum of $712.34. The record fails to show that the school board ever, at any meeting of record, entered into a contract whereby the amount due the school district from the company on this bond was reduced, by compromise or otherwise. By the terms of its policy, the insurance company guaranteed the faithful performance of Russell W. Robertson as clerk of school district No. 106, Clackamas county, Oregon, and it should make good its guarantee. The draft upon which the defendant relies is a receipt for the payment to the school district of the sum of money therein specified. It does not, however, constitute a contract between the district and the defendant insurance company whereby the company was released from its liability under the terms of the policy involved in this action.

This case should be affirmed. It is so ordered.

Coshow, C. J., and Bean and Belt, JJ., concur.